THE A. W. FENTON CO., INC. *v.* UNITED STATES (No. 5208)*

*C.A.D. 884.

United States Court of Customs and Patent Appeals, July 7, 1966

*Allerton DeC. Tompkins* for appellant.

*James G. McGoldrick*, amicus curiae.

*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section for the United States.

[Oral argument April 6, 1966 by Mr. Tompkins and Mr. Vance; Mr. McGoldrick, amicus curiae]

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Associate Judges

MARTIN, Judge, delivered the opinion of the court:

It appears from the record that the key facts in this matter are as follows: ▋ Appellant, a customs broker, was engaged by Sharwell Bros. Shoe Co. (Sharwell) and Sharyama, Inc. (Sharyama), both of Cleveland, Ohio, to arrange for customs entry and clearance of several shipments of rubber boots. Appellant filed entries in its own name as nominal consignee, for the account of the ultimate consignees Sharwell and Sharyama. Statutory notices of appraisement announcing advances in the dutiable values were addressed to and received by appellant. An affidavit of the Secretary-Treasurer of appellant states that "* * * appeals to reappraisement were filed by The A. W. Fenton Co. Inc. upon the specific verbal instructions of their principals * * *." While the exact details are somewhat unclear, it appears that there was some communication between appellant and the two ultimate consignees, and appellant states that all three knew that the appeals had been called for hearing on November 15, 1962. No appearance was made by either the appellant broker or the ultimate consignees. Judge Wilson, upon oral motion of the Government, appellee here, dismissed the appeals for failure to appear and prosecute. A certified copy of the order of dismissal, dated February 18, 1963, was sent by the Customs Court to appellant, and admittedly was received by it on February 20, 1963.

On August 15, 1963, after liquidation and also 179 days after the date of entry of judgment, appellant filed a "Motion for Rehearing" with the Customs Court.[1] The "Motion" asks for rehearing and "for an order vacating and setting aside the judgment" of the Customs Court dated February 18, 1963. Subsequently, on September 12, 1963,

---

[1] The day after, August 16, 1963, appellant filed a protest against the liquidation of the entries involved in this appeal. Said protest is the subject of an appeal pending in this court, Customs Appeal 5237, from the decision of the Customs Court in *A. W. Fenton Co., Inc.* v. *United States,* 55 Cust. Ct. 74, C.D. 2554, rehearing denied 55 Cust. Ct. 476, Abstract 69610.

appellant filed a "Request for Suspension" of its "Motion for Rehearing" in view of an application for review then pending and subsequently decided in *United States* v. *Williams, Clarke Co.*, 52 Cust. Ct. 639, A.R.D. 173. Both motions were duly opposed by appellee.

On December 16, 1964, Judge Wilson, in separate orders, denied the "Request for Suspension" and the "Motion for Rehearing," the latter denial being reported as *A. W. Fenton Co., Inc.* v. *United States*, 53 Cust. Ct. 519, R.D. 10871. Thereafter, an application for review was filed with the Second Division, Appellate Term, of the Customs Court which was dismissed in a *per curiam* order on the ground that the court lacked jurisdiction to entertain it, *A. W. Fenton Co., Inc.* v. *United States*, 54 Cust. Ct. 781, A.R.D. 184.

Appellant then filed its petition for review in this court. The Government filed a motion to dismiss the petition for review, on the ground that this court lacked jurisdiction to consider the petition, which motion this court, on October 12, 1965, denied without prejudice to its renewal at the time of oral argument. The Government renewed its motion to dismiss at oral argument before this court, at which appellant and Amicus Curiae were also represented. The ultimate consignees or principals are absent in this litigation, and we make no intimation as to who is responsible for some $70,285.72 in duties the appellant states it is being "forced by the Collector of Customs, Cleveland, Ohio, to pay * * *."

We consider the "Motion" of August 15, 1963 first as a motion for rehearing. Based on the record before us, we find no error in the Appellate Term's dismissal of the Application for Review on the ground that it could not entertain an appeal from the trial court's denial of the motion for rehearing. Appellant, the only party plaintiff in the entire litigation, unlike the situation in *Borneo-Sumatra Trading Co.* v. *United States*, 49 Cust. Ct. 510, A.R.D. 150 (1962),[2] does not contend that it has not had proper notice of call for hearing; nor does it deny it received timely a copy of the judgment order of dismissal, Rule 23(b). Since the filing of the motion for rehearing was untimely according to statute (28 USC 2640), the trial court properly denied the hearing and no appeal lies from such denial of motion to rehear, see *Pfister* v. *Northern Illinois Finance Corp.*, 317 U.S. 144 (1942), rehearing denied, 317 U.S. 714 (1943); *Bowman* v. *Loperena*, 311 U.S. 262 (1940); *Conboy* v. *First National Bank*, 203 U.S. 141 (1906); *Roemer* v. *Bernheim*, 132 U.S. 103 (1889). This result follows even if there was improper notice of call for hearing to the

---

[2] In the *Borneo-Sumatra* case, no notices of the *call for hearing* were in fact mailed to the appellant who was thus deprived of an original hearing or trial. The judgment of dismissal was held void by the Appellate Term, section 2640 being *inapplicable* since it is predicated upon existence of an opportunity for original hearing or trial. As noted therein, the trial court possesses inherent power to set aside and declare null a void judgment.

parties since the correct approach in the case of a judgment void for lack of jurisdiction is by motion to vacate rather than motion for rehearing or application for review, *Borneo-Sumatra*, supra.

We consider now the request in the "Motion" for an "order vacating and setting aside the judgment." The order of the Appellate Term states that it "lacks jurisdiction to entertain the instant application * * *." Appellee argues that the denial thus was based on the view that there had been adeqaute notice of call for *hearing* and a copy of judgment *order* dismissing the appeals received by appellant; and untimely filing of appellant's motion under 28 USC 2640 and 2636(a) thus deprived the courts of jurisdiction to consider the matter.

Appellant does not contend here that the notice of call for hearing was not adequate *as to it* or was not sent to the proper parties. Thus, this case is quite different than *Borneo-Sumatra*, supra, where the failure of notice of *call for hearing* left the court without jurisdiction and the judgment ordering dismissal of the appeals for reappraisement was void and could be challenged at any time during the proceedings or within a reasonable time after final judgment, Rule 60(b), F.R.C.P.[3] Although the Government in its brief suggests that questions raised in this appeal concerning any issue of "notice" of the judgment order become moot in view of the liquidation of the imported goods, it is clear that the merits of that contention are not reached in view of our disposition of the case.

Appellant's contention here and before the Appellate Term is that notification of the judgment order of dismissal of the appeals to reappraisement was not sent to all the "parties" required by the Rules of the Customs Court, Rule 23(b). Appellant contends, more specifically, that no copy of the judgment order was sent to the ultimate consignees in addition to that sent appellan, the nominal party plaintiff. Although the issue of excusable neglect was raised by the motion and affidavit, the record does not show any such "notice" contention to have been made in the trial court. Thus we cannot reach the merits of such contention with respect to Rule 23(b).[4] It is clear that *as to appellant*, Rule 23(b) was admittedly satisfied.

Nor has appellant shown that the trial court erred in finding that the facts presented in the affidavit were not such as to present an issue

[3] Thus, contrary to the view of amicus, this case does not present the question of whether or not the Rules of the Customs Court, inter alia, 3(n), 3(k) and 9, comport with the statute, 28 USC 2631, which makes it mandatory that the Customs Court shall afford "the parties an opportunity to be heard on the merits," and section 2632 which requires that reasonable notice of call for hearing "shall be given to all parties to any proceeding." Similarly, the case does not present to us the issue of the reasonableness of the 179 days, or the two month time period after liquidation, before the motion was brought.

[4] Similarly, we cannot reach the merits of a contention that the oral motion to dismiss for failure to appear and prosecute was neither served according to Rule 6(d) nor "recorded in full by the reporter in attendance" as required by Rule 6(g).

of whether or not the judgment dismissing the appeals to reappraisement was void for failure to comply with the "parties" requirement of Rule 23 (b), with the conseqeunce that 28 USC 2636 (a) and 2640 are inapplicable to remove jurisdiction from the court. The affidavit, with respect to the judgment order of dismissal, shows only that it was received by appellant as the importer of record, that deponent was away from his office for three weeks, and "because of the accumulation of work during his absence, this matter escaped our attention until after the 30 days from the dismissal of these reappraisements." The affidavit requests that "every possible equity be used to restore these cases."

On the basis of the record before us, we find that all we are dealing with here is appellant's motion for rehearing requesting vacation of a former judgment. The issues raised therein, as based on the affidavit of supporting facts, were not such as to show that the trial court erred in denying the motion, or that the statute, sections 2636 (a) and 2640 did not apply *as to appellant*. The motion, being otherwise untimely under the statute, was properly denied and the Appellate Term did not err in dismissing the application for review. Accordingly, we *affirm* the order of the Appellate Term insofar as it dismissed the application for review, and the Government's motion to dismiss for want of jurisdiction here must be denied.

---

SMITH, Judge, concurring.

The predicament in which appellant-custom broker now finds itself results from its decision to file the appeals to reappraisement solely in its own name rather than in or including the name of its clients. Thus, insofar as the pleadings herein disclose the pertinent facts, appellant, while an agent for the actual importers, has the status before the Customs Court of a party in the present action.

The irony is that appellant, although appearing as a party, was not in fact the real party in interest and, as an agent, could not personally appear and manage the appeal, *S. Stern & Co.* v. *United States*, 51 CCPA 15, C.A.D. 830, and so advised its principals. Appellant stands here as the only actual party of record and it is against this party that judgment has been rendered.[1]

When notice of dismissal of the appeals was received by appellant, the record shows that appellant pursued several different plans in succession in order to extricate itself.

First, from the record, appellant did not take immediate steps after receiving the notice of dismissal to set aside the judgment entered against it. At this point appellant appears to have acted on the belief

---

[1] Appellant makes no argument that if it is to be liable for the judgment, then it has the right to appear and manage the reappraisement appeals.

that it had, as an agent, taken all the necessary steps desired by the principals on their behalf and that the law permitted and required of it. It is only after the judgment was entered against appellant as the party before the court and the collector was proceeding to collect the duties that appellant took action. Some four months after the time to take action to set aside the judgment, appellant filed a motion for a "rehearing" and requested "an order setting aside the judgment" which had dismissed the appeals to reappraisement. Appellant alleged in this motion that the notice of dismissal had "escaped" its attention, that the appeals had merit and that as a result of the judgment a "tremendous financial liability" had been placed on appellant which it could not absorb. Appellant requested that "every possible equity be used to restore these cases."

At the time of this motion, the same trial judge had previously granted a motion for rehearing based on excusable neglect in another case in which the motion was filed more than thirty days after entry of judgment, *Williams, Clarke Co.* v. *United States*, Reap. Dec. 10574. While appellant may reasonably have expected similar treatment of its motion from the same trial judge, the *Williams* case was reversed on appeal. *United States* v. *Williams, Clarke Co.*, 52 Cust. Ct. 639, A.R.D. 173. Appellant did not advance any additional or other grounds for granting a rehearing than those of the general type found insufficient by the court in the *Williams* appeal. Since the previous decision on a similar motion in the *Williams* case had been reversed, the trial court denied appellant's motion "in all respects."

Appellant appealed this denial to the appellate term. Here, under Rule 31, appellant's statement raised several new issues. For the first time on this appeal the issue is raised that there had been no compliance with Rules 6(d) and (g) of the Rules of the Customs Court. Later, in a memorandum in opposition to appellee's motion to dismiss, appellant also argued that the trial court "should have sent a copy of the dismissal order to the party in interest," that Rule 23(b) had not been satisfied and that the trial court's order was "defective, improper, illegal, null and void." The appellate term dismissed this application for review on the ground it lacked jurisdiction.

In the present appeal, appellant argues in its brief that Rule 23(b) was not complied with because appellant's principals were not served with a copy of the judgment of dismissal. This argument allegedly supports appellant's contention here that there has been a violation of the Fifth Amendment of the Constitution of the United States. The apparent theory advanced is that appellant, acting as an agent and having notice of the dismissal of the appeal to reappraisement,

could not appear and its principals should have received notice. According to appellant, the trial court had

\* \* \* not forwarded a copy of its judgment to the "parties (parties in interest) or their attorneys." [²] It has sent a copy of the judgment only to the agent.

Based on this fact alone, appellant argues that:

\* \* \* the foregoing unreasonable procedures by the lower court deprive the parties in interest of due process of law \* \* \*.

Whether the principals, absent in this litigation, were denied due process of law is not here for decision. It is not argued here that the alleged denial of due process to the principals under the Fifth Amendment inures in some manner to appellant's benefit because it is being held responsible for the duties assessed.

A proper concern for the limitations placed on appellate review requires us to review only the issues decided below. Even resolving all doubts in favor of appellant, the issues appellant seeks to have determined here are raised for the first time before us. There is no indication in the record that these arguments were made below or that the lower tribunal ruled on them.[3]

While an issue as to lack of jurisdiction of the trial court may be raised for the first time on appeal, this issue is not presented in the present case. Appellant's position necessarily admits that if a copy of the notice of dismissal had been sent its clients, the judgment would be proper. Whether a copy had been sent to the principals or not, the judgment against appellant, absent further action, would stand. Appellant does not question the jurisdiction of the trial court to enter judgment; it only wishes to establish that the principals should have received a copy of the notice. While such notice may have possible relevancy as to the ultimate issue of liability for the duties assessed, it is not relevant to issues involving appellant. Since we are not a court of last resort, our disposition of this appeal necessarily must adhere to the proper procedures of appellate review which precludes us from passing upon any of the various issues first presented here. This disposition does not preclude appellant from proceeding in the proper forum, according to substantive principles of law, to show why the trial court lacked *jurisdiction* to enter judgment of dismissal.

---

[2] See 28 USC, Rules, U.S. Customs Court, Rule 23(b), defining who shall receive a copy of the judgment order. Compare Rule 3(k) and (n), defining who shall receive notice of calendar call of cases on the New York calendar and the calendar call for other ports.

[3] In a brief filed by the Customs Brokers Forwarders Association of America, Inc., appearing as Amicus Curiae for the first time in this litigation, there is extensive comment on trade practice and the importance of this case in respect to the duties and liabilities of customs brokers as special agents. Appellee challenges these arguments as injecting new issues at the appellate level. This court would be remiss in its function as an appellate tribunal were it to attempt to make the initial inquiry and decision on these newly raised issues.

Thus despite the confusion present in the record here, it appears that appellant is not without a proper forum to which it may resort if it so desires. Appellee, who has thus far refused to answer the issues proposed by appellant's shifting allegations, will have an opportunity to answer all issues properly raised therein.

Whatever action appellant may choose to take, the inference raised by the appellee in the appellate term that the controversy has become moot should be examined and has not been presented as an issue here. We would add, as an appellate court we should not be placed in a quandary as to whether we are deciding a moot controversy.

These additional considerations seem to me to further support the disposition of this appeal found in Judge Martin's opinion.