(C. D. 671)

JAMES C. GABRIEL v. UNITED STATES

United States Customs Court, Third Division

Petition No. 6060-R

(Order dated July 23, 1942)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the respondent.

Before CLINE, KEEFE, and EKWALL, Judges; EKWALL, J., not participating

ORDER

KEEFE, Judge: On May 29, 1942, a motion was filed by the Assistant Attorney General to vacate and set aside the judgment of this court rendered February 17, 1941, and reported as Abstract 45414, 6 Cust. Ct. 546. The grounds set forth in the motion were that the petition was filed in this court more than 60 days after liquidation, and therefore the court was without jurisdiction to decide the issue upon the merits and should have entered judgment dismissing the petition. The motion here asks that a judgment order be entered dismissing the petition upon jurisdictional grounds.

An examination of the entry papers discloses that the entry was liquidated on March 18, 1940. That the petition for the remission of additional duties was not filed with this court until May 25, 1940, which is more than 60 days after liquidation. At the trial the untimeliness of the petition was not called to the attention of the court by counsel for either side.

Further examination of the entry discloses that the collector, upon receipt of the judgment of this court granting the petition, made the following notation:

Appeal not timely, T. D. 44461
40062
No action taken on above

and further stated "that importer's petition for remission was not filed within the statutory period and that decision granting remission was null and void as court was without jurisdiction."

This court has held that the action of the collector of customs in failing to reliquidate an entry in conformity with a decision of this court sustaining a protest which had not been filed within the statutory time was proper and the collector's action was approved. See *Brown* v. *United States*, T. D. 44461.

Our appellate court has also passed upon this question in the case of *United States* v. *Robinson*, 12 Ct. Cust. Appls. 145, T. D. 40062. There a reappraisement was filed under the provisions of the Tariff Act of 1913, the statute then providing for the payment of a fee within 2 days after the filing of appeal. The fee was not paid by the importer within the prescribed time. However, the appeal was sent to the Board of General Appraisers and the reappraisement decided in favor of the importer. An appeal was then taken to the appellate division of the reappraising court where the judgment of the lower court was affirmed. The collector refused to liquidate upon the reappraised value on the ground that the reappraisement and re-reappraisement proceedings were void because the fee had not been paid within the required 2 days. The importer protested the action of the collector and the board sustained the protest. Upon appeal the decision was reversed and the appellate court there stated that the finding of the Board of General Appraisers in reappraisement was absolutely void for want of jurisdiction; that it was not voidable, but void—"a nullity with no more force and effect than if it had not been entered." Under the principle announced in the foregoing cases we are of the opinion that the collector correctly ignored the judgment of this court.

Now, more than a year after the issuance of the void judgment, we are confronted with a motion of the Assistant Attorney General praying that this court again reconsider the matter and dismiss the petition as untimely. The cases cited by the Government in support of the motion are not in point in the matter now before us because in all the litigation referred to in the cases cited the proper motion upon jurisdictional grounds was made at the time of trial or at the time the subject matter was before the court. Here, the time for rehearing granted in the statute had expired and also the time for appeal. The action sought by the Government is not to be considered a mere correction of errors in the judgment but rather a new and different judgment upon grounds not advanced when the issue was properly under consideration.

This court has repeatedly held that it has jurisdiction to control its own proceedings and correct its own errors committed through inadvertence and is not precluded from such action on account of lapse of

a few months time. See *Tingirides* v. *United States*, Abstract 2232. In the case of *United States* v. *Henry Maier*, 18 Ct. Cust. Appls. 409, T. D. 44679, the appellate court stated that if the change made in the final order is the correction simply of a clerical error, then, under the authorities, such correction could be made, even though the trial terms named in the rules of the Customs Court might be considered "terms," as the expression is generally used in adjudicated cases. However, the court noted that the statute has fixed a limitation upon the time within which a rehearing may be applied for, and that after such period of limitation has expired, and at a time when no petition for rehearing is pending, there is no power in the United States Customs Court to reopen the judgment and readjudicate the subject matter.

Certainly this court may not vacate the judgment at which it has duly arrived because of the discovery that the matter was improperly before the court after whatever jurisdiction the court had in the matter had clearly expired. For the reasons stated, and after due deliberation, it is hereby ORDERED that the motion to vacate the judgment of the court in the foregoing matter and to enter in its stead a judgment of dismissal, be and the same hereby is denied.