BEFORE THE SECOND DIVISION

NOVEMBER 6, 1961

No. 66205.—Kaiser Reismann Corp. et al. v. United States protests 58/1004, etc.

FORD, Judge: The 13 cases sought to be restored to the calendar of the court were alleged to be part of a group of 97 cases abandoned by counsel for the plaintiffs at the calendar call of January 9, 1961. The judgment order dismissing said cases was entered on August 25, 1961.

Plaintiffs filed a motion to set aside the abandonment on September 26, 1961, which was more than 30 days from the date of entry of judgment, on the ground that said protests were inadvertently abandoned.

Since the 30th day did not fall on a Sunday or holiday, defendant opposed that motion to set aside the abandonment, on the ground that it was untimely filed.

The provisions contained in 28 U.S.C., section 2640, upon which rule 6 of the Rules of the United States Customs Court is based, provide as follows:

§ 2640. Rehearing or retrial

A division which has decided a case or a single judge who has decided an appeal for a reappraisement may, upon motion of either party made within thirty days next after such decision, grant a rehearing or retrial.

Counsel for plaintiffs contends that the motion made by him is not one for rehearing, but is a motion for relief from a judgment or order which was based upon a mistake or inadvertence and is, accordingly, within the scope of rule 60(b) of the Federal Rules of Civil Procedure, the pertinent portions of which are as follows:

Rule 60.   Relief from Judgment or Order

\*          \*          \*          \*          \*          \*          \*

(b)   Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: \* \* \* (6) any other reason justifying relief from the operation of the judgment.   The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. \* \* \* This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, \* \* \*.

Plaintiffs also cite the case of *Sternstein* v. *"Italia"-Societa Per Azioni Di Navigazione-Genoa*, 275 F.2d 502, in support of their position.   In that case, which involved a personal injury accident, the court permitted a default judgment to be set aside under the provisions of rule 60(b), *supra*, even though the motion was made after the 10 days prescribed by the rules of that court.   The court, however, indicated that this provision was not intended to deprive the court of its use of discretion.

We are of the opinion that the motion involved herein is in effect one for a rehearing and is, accordingly, governed by 28 U.S.C., section 2640, which we believe to be controlling.

Accordingly, we are of the opinion that said motion should be denied.