SEPTEMBER 24, 1962

Reap. Dec. 10343.—Gehrig, Hoban & Co., Inc. *v.* United States, 

 Motion by plaintiff. The following memorandum accompanied the order denying motion to vacate decision and judgment:

FORD, Judge: This matter comes before me on a motion, filed on July 23, 1962, to vacate a judgment entered on May 15, 1962 (not published), as well

as a subsequent motion under 28 U.S.C., section 2642, and rule 6(c) of the Rules of the United States Customs Court, to amend certain pleadings or process which was filed on August 23, 1962.

The facts in these cases, as set forth in the affidavit of plaintiff, dated July 11, 1962, are as follows:

In January, February and March, 1962, various notices were given to the importer of record and forwarded to our offices that hearings would be held on the above reappraisements in April, June and October, 1962. On March 19, 1962, prior to the date set for the earliest hearing (April 17, 1962) it was agreed orally between representatives of the Assistant Attorney General, Customs Section, and the undersigned that in the interest of orderly and efficient judicial procedure and to conserve the time of the Court and the parties, a stipulation continuing all of the above-mentioned reappraisement appeals to the next reappraisement hearing for the Port of New York would be entered into between the parties and submitted to the Court.

By clerical inadvertence, mistake or oversight, entry of appearance and stipulation of continuance were entered only in reappraisement No. R61 23843 instead of all reappraisements. As a result, judgment was entered dismissing the subject reappraisement appeals on May 15, 1962.

Because of this clerical inadvertence, mistake or oversight, we did not receive notice or discover the entry of said judgment and dismissal until July 6, 1962. We immediately called the Clerk of the Court and the Office of the Assistant Attorney General to ascertain the reasons for the entry of the default judgment and the status of our client's rights. We immediately made this motion to vacate said judgments and restore the above reappraisements to the docket.

In consideration of these facts, in connection with the motion to vacate, filed on July 23, 1962, it is apparent that more than 30 days had elapsed between the entering of the judgment and the filing of the motion. Under the provisions of 28 U.S.C., section 2636(a), the decision of a single judge in a reappraisement proceeding becomes final and conclusive upon all parties, unless an application for review is taken. Under the provisions of 28 U.S.C., section 2640, the court or a single judge who has decided an appeal for reappraisement may, upon motion of either party made within 30 days after the decision, grant a rehearing or retrial of the matter. This matter having become final and conclusive, since no application for review or motion was timely made, the court has lost jurisdiction and is without authority to set aside its judgment, as requested in the motion, filed on July 23, 1962.

The motion to amend the stipulation of continuance and the notice of appearance, filed in R61/23843, which was filed on August 23, 1962, will next be considered.

Plaintiff, in the memorandum filed in connection with the latter motion, quotes the following excerpt from 60 Corpus Juris Secundum, motions and orders, section 62, at pages 66–68:

In the absence of, or subject to, any statutory limitations, a court has inherent power to control its own orders and to direct when and under what conditions they shall be operative, unless, in some jurisdictions, it is a court of special and limited jurisdiction. In the exercise of this power, a court, while it still retains jurisdiction over the cause in which the order was made, may, for sufficient cause shown, amend, correct, resettle, modify, or vacate, as the case may be, an order previously made and entered on motion in the progress of the cause or proceeding; and a statute empowering a court to modify its orders should be liberally construed.

 * * * * * * *

In general, a court of record may correct mere clerical omissions and mistakes in its orders at any time, when it is clearly apparent from the whole record what the true entry should have been; and the same rule applies generally to

the amendment, modification, or vacation of orders which are void or which were procured through fraud, collusion, or mistake. * * *

I am in complete agreement with all that is quoted in the first paragraph, *supra*, but the key factor in this statement is, "while it still retains jurisdiction over the cause in which the order was made." The second paragraph, *supra*, relates to "clerical omissions and mistakes in its orders." I agree that, under such circumstances, the court may correct its own errors. An examination of the stipulation and notice of appearance, filed in connection with R61/23843, does not establish any error on the part of the court. I have no reason to doubt counsel for plaintiff intended to cover by stipulation all the cases and that through "typographical inadvertence, mistake or oversight" the unfortunate situation was created here. However, this is not a matter subject to correction by the court, when action was not timely taken.

It is interesting to note that the heading preceding the second paragraph quoted, *supra*, is as follows:

There must be a compliance with statutes or court rules fixing the time for commencing proceedings to vacate or modify an order, and the right to such relief may be lost by laches; but a void order, or one procured through fraud, collusion, or mistake, may be vacated or modified at any time.

Since neither the statute nor the court rules were complied with with respect to the timely filing of plaintiff's motion, the question as to whether the order dismissing the nine appeals was a void order or one procured through fraud, collusion, or mistake, must next be considered. Obviously, the order is not void, nor is it so contended to be by counsel for plaintiff herein. It is not alleged that the order was procured through fraud or collusion, hence, the question of mistake is the only possible avenue of relief for plaintiff herein. Under the above quotation, it is clear that the court has the power to rectify its own errors, as indicated, *supra*. However, a mistake on the part of the clerical staff of counsel for plaintiff herein is not, in our opinion, subject to such a correction.

Counsel for the plaintiff also refers to rule 60 of the Federal Rules of Civil Procedure, which was recently considered by the writer in the case of *Kaiser Reismann Corp. et al.* v. *United States*, 47 Cust. Ct. 363, Abstract 66205. In that case, I held 28 U.S.C., section 2640, to be controlling, since the motion was, in effect, one for rehearing.

Rule 6(c) of the Rules of the United States Customs Court provides as follows:

(c) *Amendment of pleadings.*—A party may amend his protest, petition, appeal, application for review, or other pleadings or process, at any time by leave of court, and such leave shall be freely given when justice so requires.

Under this rule, the court may clearly permit amendment of any of the enumerated pleadings or process when the cause is still within the jurisdiction of the court. The case before us, R61/23843, is presently pending before the court. Hence, I may permit amendment. The amendment requested by the motion, however, would, in effect, collaterally reinstate the appeals heretofore dismissed on May 15, 1962. It is obvious that the reinstatement could not be effected directly and, hence, I am of the opinion that it could not be done collaterally. In addition thereto, in order to make the amendment requested herein effective, I would be required to vacate my order of May 15, 1962. For the reasons stated, *supra*, I am of the opinion that the court is without jurisdiction to vacate this order.

Therefore, the motions filed on July 23, 1962, and August 23, 1962, should be denied.