(A.R.D. 150)

BORNEO-SUMATRA TRADING COMPANY, INC. *v.* UNITED STATES

Entry Nos. 49502; 54071; 54720.

## Second Division, Appellate Term

(Decided October 10, 1962)

*Sharp & Bogan* (*Myron Solter* of counsel) for the appellant.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: This is an application for review of an order entered December 13, 1961, denying appellant's motion to set aside judgment of dismissal, dated March 24, 1961. The case involves three appeals for reappraisement, numbered R60/11578, R60/11579, and R60/11580, which were dismissed for failure of plaintiff to appear and proceed to trial.

The circumstances surrounding the dismissal of these appeals are set forth in appellant's affidavit in support of its motion. It appears that the involved appeals for reappraisement, as well as a number of others in which counsel for appellant were also attorneys of record, were scheduled for hearing at the port of Los Angeles, Calif., on February 2, 1961. The cases in issue were assigned calendar numbers 2401, 2402, and 2403, whereas counsel's remaining cases were in a group numbered consecutively from 3539 to 3576. Due notice of trial of the latter, in accordance with established procedures of this court, was forwarded to counsel in advance of the hearing date, and applications for their disposal, as requested, were granted.

Some 7 months after the entry of judgment herein, the fact of the dismissal of these cases came to the attention of counsel for appellant. Inasmuch as their office records did not show receipt of notices of hearing, an inquiry was addressed to the clerk of the court concerning the matter. On October 26, 1961, counsel was advised, by letter, that the records of the court did not indicate that any notices of trial of said cases were mailed to them.

It further appears that counsel intended, in good faith, to request continuances of the cases, pending submission of a test case, and eventual suspension thereunder; and that the issue involved, to wit, the

valuation of Japanese plywood, had been the subject of several conferences between counsel for appellant and counsel for the Government.

Although not consenting to the motion to set aside the default judgment, counsel for the Government interposed no objection thereto. Neither did he file an opposing brief before this court.

Accordingly, it may be assumed that the facts are as alleged, and that counsel's failure to appear or to make application for disposition of the instant appeals at the scheduled calendar call was occasioned by the failure of the court to issue notices of trial.

No memorandum accompanies the denial of the motion to vacate the default judgment, but it is reasonable to conclude that the court below considered the motion untimely, in view of the provisions of 28 U.S.C., section 2640, which read as follows:

A division which has decided a case or a single judge who has decided an appeal for a reappraisement may, upon motion of either party made within thirty days next after such decision, grant a rehearing or retrial.

Appellant here urges that this is not a situation encompassed by the provisions of said section, and that the motion, under the circumstances herein, was neither for a rehearing nor a retrial. It is argued that the court lacked jurisdiction to dismiss the instant appeals for reappraisement for the reason that due notice of trial, as required by 28 U.S.C., sections 2631 and 2632, and rule 3(n) of the rules of this court, had not been provided, and that, as a consequence, the judgment so ordering was void.

Insofar as here applicable, said provisions read as follows:
Section 2631:

Every written appeal to the Customs Court for a reappraisement of merchandise shall be assigned to one of the judges of such court who shall after affording the parties an opportunity to be heard on the merits, determine the value of such merchandise.

\* \* \* \* \* \* \*

Section 2632:

Reasonable notice of the time and place of hearing before a judge or division of the Customs Court shall be given to all parties to any proceeding, under rules prescribed by such court.

Rule 3(n):

For each of the hearings so set a calendar of all the pending cases properly triable at each of said ports shall be prepared by the clerk and notices of such hearings shall be mailed from New York not later than 30 days prior to the date of such hearings, except that in case of hearings held in the States of Washington, Oregon, California, Nevada, Idaho, Utah, Arizona, New Mexico, Colorado, Wyoming, .and Montana, and outlying possessions, the notices shall be mailed from New York not later than 35 days prior to the date of such hearing. Such notices shall contain the court number and the collector's number, if any, the name of the party or parties in whose name the case is docketed,

and the subject matter thereof, and shall be sent to the plaintiff or the attorney of record whose name and address appear upon the papers.

As we interpret the quoted provisions, the requirement of notice of hearing is mandatory, and failure to provide it strips this court of power to render a valid judgment. By their terms, they direct that a party must be apprised of the pendency of the action in which he is involved. By implication, they provide that a party may not be involuntarily precluded from his right to appear and be heard in his own behalf. If, by reason of the failure to give notice of the time and place of trial, a party does not appear to present his position, or waive his right to do so, he has in fact and in effect been involuntarily denied his day in court, and any subsequent proceedings are plainly null and void.

That appellant was denied this right, by act of omission on the part of the court, is clearly shown. That the judgment issued by the court in derogation of that right is void, is an inevitable consequence of the court's failure to comply with the applicable sections of law.

Had the motion to vacate the invalid judgment been made within the statutory period allowed by section 2640, *supra*, appellant's request for relief must surely have been automatically granted. The question here is whether appellant has forfeited its right to set aside this void judgment by suffering the time limitation to have lapsed before interposing its motion.

Section 2640, *supra*, is a provision authorizing a rehearing or a retrial of a decided case. By every intendment, the words "rehearing" and "retrial" presuppose an original hearing or an original trial and, hence, normally relate to decisions on the merits after a hearing has been held. By logical extension, they must also include instances where an opportunity for an original hearing or an original trial has been made available and final judgment, not necessarily on the merits, has been entered. *Kaiser Reismann Corp. et al.* v. *United States*, 47 Cust. Ct. 363, Abstract 66205. But they cannot serve to embrace a situation in which a hearing or a trial has been absolutely denied to a party through no fault or omission of his own. Accordingly, where, as here, a party has been deprived of a hearing, by reason of the failure of the court to provide proper notice of trial, section 2640 must be held inapplicable and the 30-day limitation, therein specified, ineffectual as a restriction upon a motion to vacate a void judgment.

Under settled law, every court of record possesses inherent power to set aside, and declare a nullity, a judgment which is shown to be void, and, in the absence of an express statute of limitations, a motion to vacate may be made at any time. 49 Corpus Juris Secundum, section 267.

Statutes affecting the organization, powers, and functions of the United States Customs Court are silent in respect to this matter. But this is a duly constituted court of the United States, declared to be a court established under article III of the Constitution of the United States, 28 U.S.C., section 451, and section 251, as amended by Act of July 14, 1956, clothed with all the inherent powers of a Federal district court, and authorized to apply the same rules of evidence, practice, and procedure. 28 U.S.C., sections 452, 1581; *United States* v. *Western Electric Company*, 26 Cust. Ct. 531, Reap. Dec. 7954. Among its inherent powers, we consider of paramount importance the right to set aside and cancel a void judgment.

In the absence of statutory restriction thereof and in view of the fact that the rules of this court make no express provision as to the time within which a motion to vacate an invalid judgment may be brought, we are inclined to follow the rule appertaining to procedure in the United States district courts that a motion to relieve a party from a final judgment, on the ground that the judgment is void, shall be made within a reasonable time. Rule 60(b), Federal Rules of Civil Procedure.

We make no determination now of what may be considered a reasonable time for all purposes. As regards the matter before us, however, under the circumstances that all of appellant's other cases on the same issue had been continued, and there was no occasion for counsel to anticipate that judgment on the three appeals for reappraisement here involved had been entered, and that it has been alleged, without contradiction, that the fact of entry of judgment did not come to counsel's attention until some 7 months later, we are of opinion that the instant motion was made within a reasonable time.

By virtue of the foregoing considerations, we are constrained to reverse the order of the court below denying appellant's motion to vacate the judgment heretofore entered in these actions.

Judgment will be entered accordingly.