OCTOBER 24, 1962

**Reap. Dec. 10356.**—Aut Customs Brokers, Inc. *v.* United States, ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ Motion by plaintiff. The following memorandum accompanied the order denying motion to vacate decision and judgment:

DONLON, Judge: Counsel for Berns & Koppstein, Inc., on September 28, 1962, filed a motion, praying the court to vacate judgment, entered January 9, 1962, and to set the case down for trial on October 23, 1962.

The record shows that, on February 10, 1961, Aut Customs Brokers, Inc., filed with the collector at New York a statement that they wished "to appear for reappraisement" of a certain entry of Berns & Koppstein. They gave as their address 17 Battery Place, New York 4, N.Y. No other paper was filed. The collector treated this as an appeal for reappraisement by Aut Customs Brokers, Inc., filing it with the clerk of the court on April 14, 1961.

Thereafter, on August 30, 1961, the clerk of the court, in regular course and pursuant to court rules, mailed to Aut Customs Brokers, Inc., at the said address, notice that the case had been set for hearing at a regular term of court in New York on November 28, 1961. On that day, on call of the calendar, no one appeared for plaintiff. The Assistant Attorney General then moved to dismiss the appeal for nonappearance and failure to prosecute, and this motion was granted. Judgment dismissing the appeal was duly entered January 9, 1962, and mailed to plaintiff, Aut Customs Brokers, Inc.

Counsel have now entered an appearance for Berns & Koppstein, Inc., claiming that they are the party in interest. Their motion, now before me for consideration, is supported by an affidavit of counsel and of Francis J. Koppstein, described as secretary-treasurer of Berns & Koppstein, Inc. In addition to certain allegations as to hardship, their chief reliance, in urging that their motion be granted, appears to be a statement of Mr. Koppstein, in his affidavit, as follows:

Berns & Koppstein, Inc. is the interested party, i.e. the importer. Unfortunately, Aut Customs Brokers, Inc. overlooked to notify Berns & Koppstein, Inc. of the date of the trial. This inadvertent omission caused the default.

This will not support the motion. When importers rely on brokers to conduct their affairs at the customhouse, they unfortunately must accept the consequence

that their legal position may be irrevocably conditioned by what the brokers do or fail to do.

Defendant is not without responsibility in situations such as this. It is defendant, not the court, that licenses customs brokers and that has power to discipline them if they neglect their duty. Moreover, defendant, in this matter and in others like it, invites importers to act through customs brokers. The notice of advancement in appraised value in this case, sent to Berns & Koppstein, Inc., by the appraiser, contained the following advice, prominently stamped on the notice:

> FOR FURTHER INFORMATION:
> CONTACT YOUR CUSTOMS
> BROKER OR CALL IN PERSON
> AT THIS OFFICE ROOM 401—
> CUSTOM-HOUSE BOWLING-
> GREEN N.Y.C.

However, discipline of licensed customs brokers is not within the jurisdiction of the court.

This motion was not timely filed. There is no showing of fraud or collusion. There is no showing of any clerical mistake or omission on the part of the court. There is a showing only that plaintiff neglected its duty to its principal.

In a memorandum accompanying a recent order denying a motion to vacate a decision and judgment in *Gehrig, Hoban & Co., Inc.* v. *United States*, 49 Cust. Ct. 403, Reap. Dec. 10343, Judge Ford stated the legal principles which control, likewise, my decision here. There is no need to repeat them. I associate myself with his opinion there stated.

Nothing here alleged is matter subject to correction by the court. The time for plaintiff to file its motion has long since expired. The involved entries have been liquidated. The court is without jurisdiction.

I direct the clerk to send the file to the Commissioner of Customs for such action as, after examination, he may deem proper.

The motion is denied.