(A.R.D. 173)

UNITED STATES *v.* WILLIAMS, CLARKE COMPANY

Entry No. 50559.

## Second Division, Appellate Term

(Decided May 6, 1964)

*John W. Douglas*, Assistant Attorney General (*Herbert L. Warren*, trial attorney), for the appellant.

*Real & Real* (*Manuel L. Real* of counsel) for the appellee.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: This application for review was filed by the Government, pursuant to section 2636(a) of title 28, United States Code.

It was brought to test the legality of the *per curiam* order of the trial court, entered July 25, 1963.

The chronology of the case pertinent to this decision is here set forth:

On May 9, 1963, reappraisement appeal R62/11422 was dismissed by the trial court, the order reading as follows:

This appeal having come on to be heard before Judge Wilson sitting in reappraisement and there being no appearance by or on behalf of plaintiff, and defendant having moved to dismiss said appeal for failure to prosecute,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that said motion to dismiss is granted and that said appeal be, and the same hereby is, dismissed.

On July 12, 1963 (64 days after entry of the above order), appellee filed "MOTION FOR VACATION OF JUDGMENT FOR DISMISSAL AND REINSTATEMENT OF THE CASE ON THE CALENDAR."

On July 24, 1963, appellant herein filed a brief opposing said motion of July 12, 1963.

On July 25, 1963, the trial court granted said motion in a *per curiam* order, stating—

The motion is granted and the case is ordered placed upon Los Angeles calendar to be called for disposition September 5, 1963.

On August 8, 1963, the Government filed this application for review alleging as reversible error that the trial judge was without jurisdiction to entertain and grant said motion.

On September 5, 1963, at the call of the reappraisement appeal (R62/11422) at Los Angeles, the trial judge, upon being advised that an application for review of his judgment of July 25, 1963, was pend-

ing before the second division, removed the case from the calendar to await determination of this application for review.

Regardless of any equities in the case, it is the considered opinion of the court that the trial judge was without power to set aside the judgment of dismissal and restore the case to the calendar, the time for such action having expired. As indicated earlier in this opinion, the judgment dismissing the appeal for a reappraisement was entered May 9, 1963, whereas appellee's motion to vacate that order was filed 64 days later, July 12, 1963.

28 U.S.C., section 2640, and rule 6(a) of this court governing motions for rehearing or retrial, are quoted below, certain portions being stressed:

§ 2640. Rehearing or retrial.

A division which has decided a case or a single judge who has decided an appeal for a reappraisement *may, upon motion* of either party *made within thirty days next after such decision,* grant a rehearing or retrial.

RULE 6. MOTIONS

(a) *Rehearings.—All motions for rehearings must be* in writing and *filed* with the clerk of the court at New York *within 30 days from the entry of judgment* in the case in which rehearing is requested.

This is not a case of novel impression. Looking through form to substance, we find a ready solution in the following judicial authorities:

*Kaiser Reismann Corp. et al.* v. *United States,* 47 Cust. Ct. 363, Abstract 66205.

*Gehrig, Hoban & Co., Inc.* v. *United States,* 49 Cust. Ct. 403, Reap. Dec. 10343.

*Aut Customs Brokers, Inc.* v. *United States,* 49 Cust. Ct. 427, Reap. Dec. 10356.

In the *Kaiser Reismann* case, plaintiffs therein filed a motion to set aside an abandonment of certain protests more than 30 days after the date of entry of judgment, on the ground that said protests had been inadvertently abandoned. It was contended by plaintiffs that their motion therein was not one for rehearing, but for relief from a judgment or order which was based upon a mistake or inadvertence and invoked rule 60(b) of the Federal Rules of Civil Procedure, which reads as follows—

Rule 60. Relief from Judgment or Order

\* \* \* \* \* \* \*

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: \* \* \* (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

order, or proceeding was entered or taken. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, * * *.

However, this division of the court was of the opinion that the motion in that case was, in effect, for a rehearing and, therefore, governed by the provisions of section 2640 of title 28, United States Code, and rule 6(a) of this court. The motion to set aside the order of dismissal was denied.

The *Gehrig* case involved a motion to vacate a judgment dismissing certain appeals for a reappraisement which was made more than 30 days after the entry of judgment. Relying upon 28 U.S.C., section 2640, the court held that it was without jurisdiction to set aside the judgment. The court also denied relief pursuant to rule 60 of the Federal Rules of Civil Procedure upon the authority of the *Kaiser Reismann* case, *supra*.

*Aut Customs Brokers* was another case in which plaintiff therein, upon motion not timely filed, sought to vacate a judgment dismissing an appeal for a reappraisement for failure to prosecute. The court denied the motion upon the authority of the *Gehrig* case, *supra*.

See also *United States* v. *Henry Maier*, 18 CCPA 409, T.D. 44679, and *James C. Gabriel* v. *United States*, 9 Cust. Ct. 109, C.D. 671.

We deem it unimportant whether a motion upon the facts of the instant case or those above cited were designated as a motion for rehearing, for retrial, or for vacation of judgment; the entitlement is of little significance. The relief actually sought is a retrial or rehearing.

We have given careful consideration to the contentions of appellee, set forth in a memorandum in opposition to the brief of appellant, but find nothing to dissuade us from the conclusion we have reached herein.

We hold that it was error for the trial court to grant appellee's motion for vacation of judgment of dismissal and for reinstatement of the case to the calendar, and that the appeal for a reappraisement should be dismissed.

Accordingly, judgment will issue reversing the order of the trial court and remanding the case for further proceedings consistent with this opinion.