**SENECA GRAPE JUICE CORP.,**
**Petitioner,**

**v.**

**The UNITED STATES, Respondent.**

United States Court of Customs
and Patent Appeals.

Feb. 28, 1974.

Murray Sklaroff, Serko & Sklaroff,
New York City, for petitioner.

Irving Jaffe, Acting Asst. Atty. Gen.,
Andrew P. Vance, Chief Customs Section, New York City, for United States.

Before MARKEY, Chief Judge, and
RICH, BALDWIN, LANE and MILLER, JJ.

PER CURIAM.

This matter comes before us on petitioner's motion to accept its appeal for filing, with a request for an order "permitting filing of the Notice of Appeal and related materials received by your court on January 29, 1974, *nunc pro tunc* as of January 28, 1974."

The envelope in which the notice of appeal was received by certified mail is stamped "RECEIVED JAN 29 1974 UNITED STATES COURT OF CUSTOMS AND PATENT APPEALS" and is postmarked "NEW YORK, N. Y. CHURCH STREET STA. 78 JAN 25 P M." There is no showing that the date of actual receipt was earlier than the stamped date, and petitioner does not contend otherwise. Inasmuch as the final order of the Customs Court from which the appeal is taken was entered November 29, 1973,[1] the filing of the notice of appeal appears to be one day later than the sixty-day period provided by 28 U.S.C. § 2601(a).[2]

The motion is accompanied by an affidavit setting forth that the notice of appeal was placed in the U. S. mail depository at 401 Broadway, New York, New York 10013 at approximately 1:30 P.M. on Friday, January 25, 1974, and that in the affiant's experience normal mail delivery from said depository to points in the Washington, D. C., area is almost always overnight.

In its memorandum in support of the motion, petitioner cites 28 U.S.C. § 2601(a) and Rule 3.1(a) of this court to

---

1. Seneca Grape Juice Corp. v. United States, 71 Cust.Ct. ——, 367 F.Supp. 1396, C.D. 4486.

2. Section 2601(a) provides: "A party may appeal to the Court of Customs and Patent

Appeals from a final judgment or order of the Customs Court within sixty days after entry of the judgment or order."

support its proposition that "Filing within sixty days . . . is not a requirement of the applicable statute or rule." However, petitioner apparently has overlooked section 2601(b), which provides: "An appeal is made by filing in the office of the clerk of the Court of Customs and Patent Appeals a notice of appeal . . . ." Rule 3.1(a) of this court, which provides that any party dissatisfied with any appealable decision of the Customs Court may have a review thereof "by filing a notice of appeal, in duplicate, in the office of the clerk of this court," could hardly enlarge the statutory sixty-day period. Rule 26(b) of the Federal Rules of Appellate Procedure specifies that "the court may not enlarge the time for filing a notice of appeal . . . ." [3]

The above-referred-to affidavit, citing signed certified mail receipts, shows that the Assistant Attorney General, Civil Division, Customs Section, the Assistant Chief Counsel for Customs Court Litigation, and the Customs Court received copies of the notice of appeal on January 28, 1974. Therefore, petitioner argues that "the government" has not been prejudiced and (in substance) that it should not object to using the date of mailing rather than the date of filing, which was delayed "because of the inordinately long period of time taken by the U. S. Postal Service to deliver the appeal." However, "the government" to which petitioner refers is the Department of Justice, which is part of the executive branch of our federal government. Being charged with execution of the laws, it must object if it perceives that the law enacted by the legislative branch would be violated by using anything other than the filing date of the notice of appeal.

Finally, if there should be any doubt over the meaning of "filing," Rule 25(a) of the Federal Rules of Appellate Procedure provides that "filing shall not be timely unless the papers are *received by the clerk* within the time fixed for filing . . . ." (Emphasis supplied.)[4] Pursuant to 28 U.S.C. § 2072, these rules, after promulgation by the Supreme Court, were reported to the Congress at or after the beginning of a regular session thereof and became effective more than ninety days after they had been thus reported. No action having been taken by the Congress with respect to Rule 25(a), Congressional approval thereof and of its interpretation of what constitutes "filing" is to be presumed. Accordingly, any relief from the interpretation of "filing" provided by this rule must be sought by way of general or special legislation of the Congress.

It is, therefore,

Ordered that petitioner's motion be, and hereby is, denied.

---

3. Rule 1.4(a) of this court provides that "The Federal Rules of Appellate Procedure shall govern any practice or procedure not specifically covered by these rules."

4. Even before promulgation of the Federal Rules, this court had held that a motion was not "made" for purposes of 28 U.S.C. § 2640 until "delivered"—i. e., "filed" with the clerk. Minkap of California, Inc. v. United States, 55 CCPA 1, C.A.D. 926 (1967).