**CONSOLIDATED MERCHANDISING CO., et al.**

v.

**UNITED STATES.**

C.R.D. 74–7; Court Nos. R70/4168 and 34 others; R70/6883 and 21 others; R70/-7010; R70/7012 and 3 others.

United States Customs Court.
May 30, 1974.

Serko & Sklaroff, New York City (Murray Sklaroff, New York City, of counsel), for plaintiffs.

Carla A. Hills, Asst. Atty. Gen. (Andrew P. Vance and Velta A. Melnbrencis, New York City, trial attorneys), for defendant.

## MEMORANDUM OPINION ACCOMPANYING ORDER

BOE, Chief Judge.

Pursuant to an order of this court under date of April 24, 1974, the parties were directed to appear on May 14, 1974 and show cause why certain proposed decisions and judgments previously filed in connection with the above-entitled actions should not be signed and entered by the court. A review of the facts relating to said cause of action is appropriate in order to perceive the basic reasons upon which the decision of this court is predicated.

These actions, together with 128 additional cases, originally were a part of what is referred to by the rules of this court as the October 1970 reserve file, which comprised a total of approximately 177,000 cases.[1] All cases included within this classification were to be removed therefrom by October 31, 1972, or thereafter be dismissed by the clerk of this court. (Rule 14.6(c).)

In its effort to remove the causes of action in question from the October 1970 reserve file, the plaintiffs entered into negotiations with the defendant for the purpose of securing stipulations on agreed statement of facts relating to said cases upon which proposed decisions and judgments might be submitted to this court.

In order to facilitate this procedure and upon appropriate motion by the plaintiffs, this court granted three extensions of time during which the actions in question might remain in the October 1970 reserve file. Two of such orders were granted by this court under dates of October 27, 1972, and October 5, 1973. The third and final motion for extension by the plaintiffs was made under date of October 29, 1973.

At a conference relating thereto with counsel on November 12, 1973, this court was advised that all but 70 of the original causes of action hereinbefore referred to had been the subject of stipulation by the respective parties and that decisions and judgments had been submitted to this court and duly entered. With respect to the remaining actions, counsel for both the plaintiffs and the defendant further advised the court that stipulations on an agreed statement of facts with respect thereto had been entered into and that proposed decisions and judgments would be submitted by the plaintiffs for defendant's approval and delivery to this court that date or the following day. Relying on such representation, the court granted an order under date of November 14, 1973, extending the time until January 1, 1974, during which the remaining causes of action in question might continue in the October 1970 reserve file prior to automatic dismissal by the clerk of this court.

On January 9, 1974 the causes of action in question were dismissed by the clerk of this court for lack of prosecution.[2] The defendant on January 29, 1974, however, filed with this court the decisions and judgments relating to the actions in question which had been submitted by the plaintiffs to the defendant at the time aforementioned.

On February 15, 1974 the plaintiffs moved to have the order of dismissal,

---

1. The proposed decisions and judgments cover 60 actions in the October 1970 reserve file and two other actions; viz—R69/5995 and R68/1048.

2. The two causes of action (R69/5995 and R68/1048) which were not part of the October 1970 reserve file had not been dismissed.

entered under date of January 9, 1974, set aside and vacated to which motion the defendant objected on the grounds that the court lacked jurisdiction over the subject matter of the actions in question inasmuch as a timely motion for a "rehearing" had not been filed with this court within a period of thirty (30) days after the entry of the order of dismissal, pursuant to rule 12.1 of this court and title 28 U.S.C., section 2639.

At a further conference with counsel for the respective parties this court was advised by counsel for the defendant that the decisions and judgments had been submitted by plaintiffs on or about November 13, 1973, and that through inadvertence and mistake counsel for the defendant had failed to file the said decisions and judgments with the court until January 29, 1974. Counsel for plaintiffs, in turn, advised that through error and mistake, he failed to note the order of dismissal which had been entered by the clerk of this court under date of January 9, 1974, and had, accordingly, omitted to take remedial action with respect thereto until the date of the motion to set aside and vacate was filed with this court.

On March 11, 1974 this court made and entered its order setting aside and vacating the orders of dismissal previously entered under date of January 9, 1974, and restoring the causes of action in question to the October 1970 reserve file for a period to and including April 15, 1974.

The defendant subsequently filed motions to withdraw the stipulations on agreed statement of facts entered into by the respective parties and the proposed decisions and judgments which had been filed with this court as aforesaid. At a hearing with respect to said motions, requested by the defendant, the court was advised that the motion to withdraw the stipulations and proposed decisions and judgments was not predicated upon the merits thereof, but, rather, solely upon the fact that the instru-

ments had been erroneously filed by the defendant subsequent to the order dismissing said actions. Counsel for plaintiffs and defendant having signed 'the stipulations on agreed statement of facts, it appeared to the court that neither party had a right of physical possession thereto to the exclusion of the other by the removal of the same from the files and records of this court. Accordingly, on April 24, 1974, this court denied the motions of the defendant and directed that these instruments be and remain a part of the files and records of the court.

On April 24, 1974 this court made and entered its order directing the parties to appear and show cause why the proposed decisions and judgments in connection with the causes of action on file herein should not be signed and entered as final decisions and judgments.

The court in making its decision is of the opinion that because of the expansive construction which previously had been placed upon title 28 U.S.C., section 2640, presently, as amended, section 2639, the reasoning of this court with respect to the application of said statute as it relates to the foregoing facts and circumstances should be set forth.

Title 28 U.S.C., section 2639 provides:

> The judge who has rendered a judgment or order may, upon motion of a party or upon his own motion, grant a retrial or a rehearing, as the case may be. A party's motion must be made or the judge's action on his own motion must be taken, not later than thirty days after entry of the judgment or order.

The fundamental question presented herein for determination, accordingly, is whether the aforequoted statute precludes this court from the exercise of its inherent judicial power to set aside and vacate a prior order of dismissal, which through the negligence, inadvertence, and mistake by the respective parties had been entered by this court.

The court is aware of and has given full consideration to the prior decisions construing title 28 U.S.C., section 2640.[3]

With due deference to my learned colleagues, however, I submit that I am unable to extend the reasoning and application of these decisions to the facts in the within proceeding.

The words "rehearing" and "retrial" have a distinct meaning in legal terminology. Their meaning in connection with the practice and procedure in the United States Customs Court cannot be said to be different from their meaning used in connection with the practice and procedure in other courts—federal or state. Nor does section 2639, aforequoted, reflect any intention to give to these words any meaning other than their ordinary and common usage.

In many of the prior decisions of this court, as well as in the decisions of other courts, scant effort has been made to define the meaning of the words "retrial" and "rehearing." This court, however, in the case of Borneo-Sumatra Trading Company, Inc. v. United States, 49 Cust.Ct. 510, A.R.D. 150 (1962), has given a succinct definition to these terms which have so often been used but with only passing generality.

* * * By every intendment, the words "rehearing" and "retrial" presuppose an original hearing or an original trial and, hence, normally relate to decisions on the merits after a hearing has been held. * * * [*Supra*, at p. 513.]

To hold that every petition or a motion to set aside and vacate a prior order or judgment, irrespective of the facts, circumstances or reasons therefore constitutes, per se, a "rehearing" or "retrial" and, accordingly, subject to the time limitation provided by section 2639, is to place an unwarranted and unintended straightjacket on the inherent power of judicial discretion of this court.

The power of the Congress to fix the time within which a party litigant must avail itself of further procedural remedies is unquestioned. Time limitations necessarily must be imposed in order to maintain an orderly supervision of litigation. But a great distinction exists between the failure of a party litigant to pursue his remedy within a period prescribed by statute or rule, and the right of a party litigant to seek relief from the entry of orders or judgments because of excusable neglect, inadvertence, fraud or mistake. Required conformance to act within a prescribed statutory time period with respect to perfecting an appeal or with respect to the retrial of an action upon the merits is not inconsistent with the discretionary power which a court must exercise in the accomplishment of its primary obligation —the determination of justice. In the latter instance, it may be said that the court acts only to permit that which may have been done to be undone and the parties restored to their original position.

■ Such a distinction is well illustrated by rule 59 and rule 60(b) of the Federal Rules of Civil Procedure. By rule 59 it is provided that a motion for a new trial must be served not later than ten (10) days after the entry of the judgment. From rule 60(b) it is evident, however, that the relief provided for thereunder is recognized and intended to be separate and distinct from any statutory provision or rule providing a fixed and inflexible time period during which further procedural remedies might be sought. A greater and more extensive period of time is permitted by rule 60(b) during which a party by reason of special facts and circumstances— in the court's sound discretion—may be deemed to justify such relief.

3. Kaiser Reismann Corp. et al. v. United States, 47 Cust.Ct. 363, Abstract 66205 (1961).
Gehrig, Hoban & Co., Inc. v. United States, 49 Cust.Ct. 403, Reap.Dec. 10343 (1962).

Aut Customs Brokers, Inc. v. United States, 49 Cust.Ct. 427, Reap.Dec. 10356 (1962).
United States v. Williams, Clarke Company, 52 Cust.Ct. 639, A.R.D. 173 (1964).

■ In view of the distinction thus recognized by the Federal Rules of Civil Procedure, it is difficult, indeed, to perceive how the terms "rehearing" and "retrial," referred to in section 2639, can be given such a comprehensive construction as to include within its orbit the motion to vacate the order of dismissal entered January 9, 1974 in the within proceedings—an order which had never been determined on *its* merits and which, unquestionably, was entered because of the concurrent mistake and inadvertence of counsel for plaintiffs and defendant under a unique procedure provided by the rules adopted by the United States Customs Court and never in existence at the time of the enactment of the statute in question. I refer in particular to the October 1970 reserve file and the unusual volume of cases included therein.

■ The United States Customs Court is a duly constituted court of the United States, declared to be a court established under article III of the Constitution of the United States, 28 U.S.C., section 451, and section 251, as amended by Act of July 14, 1956. As stated in Borneo-Sumatra Trading Company, Inc. v. United States, *supra*, it is " * * * clothed with all the inherent powers of a Federal district court, and authorized to apply the same rules of evidence, practice, and procedure. 28 U.S.C., sections 452, 1581; United States v. Western Electric Company, 26 Cust.Ct. 531, Reap.Dec. 7954. * * * " (P. 514.)

The conscience of this court will not permit the rights of a party litigant to be summarily extinguished because of a presumed limitation upon the inherent power of this court. Therefore, in the absence of a rule of procedure applicable to the facts and circumstances herein, the prerogative provided by rule 1.1(b) of this court has been invoked.

Let an order be entered directing that the decisions and judgments previously filed with the court on January 29, 1974, accordingly, be signed and entered as final decisions and judgments.