The UNITED STATES, Appellant,

v.

TORCH MANUFACTURING CO., INC., Appellee.

Customs Appeal No. 74–33.

United States Court of Customs and Patent Appeals.

Feb. 13, 1975.

Carla A. Hills, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Joseph I. Liebman, New York City, for the United States.

Stanley S. Getzoff, Joseph Winston, New York City, attys. of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

MILLER, Judge.

This is an appeal from a judgment of the United States Customs Court denying defendant-appellant's motion to dismiss and granting plaintiff-appellee's motion for summary judgment.[1] We reverse.

The case was commenced in the Customs Court in 1967. Pursuant to Rules 14.6 and 14.9 of the court, it was placed in the October 1970 Reserve File. No action having been taken by October 31, 1972, to remove the case from the file as required by Rule 14.6(b), or to obtain an extension of time, as provided by Rule 14.6(e), the case was dismissed in accordance with Rule 14.6(c), which provides in part:

> An action which is not removed from the reserve file within a period of 2 years shall be dismissed for lack of prosecution, and in the absence of the filing of a motion under sub-part (e) of this rule, the clerk shall enter an order of dismissal without further direction of the court.

Rule 8.3(d) of the Customs Court provides:

> Unless the court otherwise specifies in its ruling, a dismissal under . . . (b) [which includes dismissal of actions in the reserve file] . . . shall operate as an adjudication upon the merits.

The basic error assigned by defendant-appellant is the court's order granting plaintiff-appellee's motion, filed June 1, 1973, to set aside the court's original order of dismissal, entered April 20, 1973.[2] Defendant-appellant then moved for rehearing and reconsideration of the order to set aside and vacate. This was denied. Subsequently plaintiff-appellee filed an amended complaint; defendant-appellant answered and moved to compel a reply to its answer; plaintiff-appellee moved for summary judgment; and defendant-appellant moved to dismiss.

---

1. 72 Cust.Ct. 377, Abs. P74/260 (1974).

2. The court also ordered that the case be restored to the October 1970 Reserve File, to remain there to a date certain; if not removed by appropriate action by that date, the clerk was directed to dismiss the action.

Appellant acknowledges the merits of appellee's substantive claim. Before the Customs Court, appellee alleged inadvertence and mistake of its counsel, who, by affidavit, stated that he had been under the impression that a proposed stipulation sent to the Department of Justice in 1967 had been signed and filed with the court. The Customs Court noted that the stipulation had been "pending without attention by the defendant since December 4, 1967," and that the defendant had interposed no objection to an extension of time during which a related case would remain on the October 1970 Reserve File.

In denying defendant-appellant's motion for rehearing and reconsideration of the order to set aside and vacate, the Customs Court expressed the opinion that the original motion to set aside did not constitute a motion for rehearing or retrial as contemplated by 28 U.S.C. §§ 2638 and 2639. These sections, which appear in Chapter 169—Customs Court Procedure, provide as follows:

§ 2638. Decision; findings of fact and conclusions of law; effect of opinions

(a) A decision of the judge in a contested case shall be supported by either (1) a statement of findings of fact and conclusions of law, or (2) an opinion stating the reasons and facts upon which the decision is based.

(b) The decision of the judge is final and conclusive, unless a retrial or rehearing is granted pursuant to section 2639 . . . or an appeal is made to the Court of Customs and Patent Appeals . . ..

§ 2639. Retrial or rehearing

The judge who has rendered a judgment or order may, upon motion of a party or upon his own motion, grant a retrial or a rehearing, as the case may be. A party's motion must be made or the judge's action on his own motion must be taken, not later than thirty days after entry of the judgment or order.

The Customs Court was also of the opinion that its order to set aside and vacate was within the exercise of its inherent judicial power and the rules of the court.

Throughout the proceedings below and before this court, defendant-appellant has contended that the original motion to set aside constituted a motion for retrial or rehearing which was subject to the thirty-day limitation set forth in section 2639, that the motion was filed twelve days late, and that the Customs Court was without authority to ignore the statutory time limit and set aside and vacate its original order of dismissal.

■ We would agree that if section 2639 is applicable, the thirty-day period must be satisfied. The Customs Court could not enlarge its jurisdiction by its own rules. See Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480 (1924). This court, in Minkap of California, Inc. v. United States, 55 CCPA 1, C.A.D. 926 (1967), noted that a motion to rehear, which had been filed one day late, was "untimely" and said: "We find no alternative but to apply the direct unambiguous terms of 28 U.S.C. § 2640." [3] Although the Customs Court did not regard the motion to set aside as a motion for rehearing or retrial within the contemplation of the statute, it appears that it formerly was of a different opinion. Thus, in Borneo-Sumatra Trading Co. v. United States, 49 Cust.Ct. 510, A.R.D. 150 (1962), which was on an application for review of an order denying appellant's motion to set aside an order of dismissal, the Customs Court said (at 513):

---

**3.** 28 U.S.C. § 2640 was the predecessor to 28 U.S.C. § 2639. It provided:

§ 2640. Rehearing or retrial

A division which has decided a case or a single judge who has decided an appeal for a reappraisement may, upon motion of either party made within thirty days next after such decision, grant a rehearing or retrial.

Section 2640 . . . is a provision authorizing a rehearing or a retrial of a decided case. By every intendment, the words "rehearing" and "retrial" presuppose an original hearing or an original trial and, hence, normally relate to decisions on the merits after a hearing has been held. By logical extension, they must also include instances where an opportunity for an original hearing or an original trial has been made available and final judgment, not necessarily on the merits, has been entered. Kaiser Reismann Corp. et al. v. United States, 47 Cust.Ct. 363, Abstract 66205 [(1961), holding motion, made more than thirty days from date of entry of judgment, to set aside an abandonment on ground of inadvertence was in effect one for rehearing controlled by 28 U.S.C. § 2640].

In Gehrig, Hoban & Co. v. United States, 49 Cust.Ct. 403, Reap.Dec. 10343 (1962), the Customs Court ruled that a motion (to vacate a judgment dismissing reappraisement appeals) filed more than thirty days after entry of the judgment was controlled by 28 U.S.C. § 2640 and that the court had lost jurisdiction and was without authority to set aside its judgment, notwithstanding plaintiff's averment of clerical inadvertence, mistake, or oversight. The court said that, while it had the power to rectify its own clerical mistakes and omissions, a mistake on the part of plaintiff was not subject to correction. This case was cited as setting forth the controlling legal principles in Aut Customs Brokers, Inc. v. United States, 49 Cust.Ct. 427, Reap.Dec. 10356 (1962), where the court denied an untimely filed motion to vacate a judgment dismissing an appeal for nonappearance and failure to prosecute. The Kaiser, Gehrig, and Aut cases were cited as authority by the Appellate Term, which held that it was error for the trial court to grant a motion for vacation of judgment of dismissal and for reinstatement of the case, in United States v. Williams, Clarke Co., 52 Cust.Ct. 639, A.R.D. 173 (1964). Citing 28 U.S.C. § 2640, the court said:

We deem it unimportant whether a motion upon the facts of the instant case or those above cited [Kaiser, Gehrig, and Aut] were designated as a motion for rehearing, for retrial, or for vacation of judgment; the entitlement is of little significance. The relief actually sought is a retrial or rehearing.

In the Williams case, the Customs Court also cited United States v. Maier, 18 CCPA 409, T.D. 44679 (1931), in which this court reversed a judgment of the Customs Court modifying its final order more than thirty days after entry of the final order [4] and at a time when no application for rehearing was pending or had been allowed. It was determined that the modification of the final order (making a new finding of dutiable value) was not the mere "correction of a clerical error," but "a matter of substance affecting the character of the judgment." This court said:

The statute has fixed a limitation upon the time within which a rehearing may be applied for, and it seems to follow, as a logical conclusion, that after such period of limitation has expired, and at a time when no petition for rehearing is pending, there is no power in the United States Customs Court to reopen the judgment and readjudicate the subject matter.

Further insight to 28 U.S.C. § 2640 was provided by this court in A. W. Fenton Co. v. United States, 53 CCPA 98, C.A.D. 884, cert. denied, 385 U.S. 970, 87 S.Ct. 508, 17 L.Ed.2d 434 (1966). Appeals had been called for hearing on No-

---

4. The applicable statute (section 518 of the Tariff Act of 1922), a predecessor to 28 U.S.C. § 2640, provided:

The board of three general appraisers deciding a case or a general appraiser deciding an appeal for a reappraisement may, upon the motion of either party made within thirty days next after such decision, grant a rehearing or retrial of said case when, in the opinion of said board or said general appraiser the ends of justice so require.

vember 15, 1962, but no appearance was made. Appellant knew that the appeals had been called. On oral motion of the Government, the Customs Court entered judgment dismissing the appeals for failure to appear and prosecute. On August 15, 1963, appellant filed a motion for rehearing asking for rehearing and for an order vacating and setting aside the judgment. This was denied. An application for review by the Appellate Term was dismissed on the ground that the court lacked jurisdiction to entertain it. On appeal, this court said:

> We consider the "Motion" of August 15, 1963 first as a motion for rehearing. Based on the record before us, we find no error in the Appellate Term's dismissal of the Application for Review on the ground that it could not entertain an appeal from the trial court's denial of the motion for rehearing. . . . Since the filing of the motion for rehearing was untimely according to statute (28 USC 2640), the trial court properly denied the hearing and no appeal lies from such denial of motion to rehear . . . .

In a footnote, this court stated:

> In the *Borneo-Sumatra* case, no notices of the *call for hearing* were in fact mailed to the appellant who was thus deprived of an original hearing or trial. The judgment of dismissal was held void by the Appellate Term, section 2640 being *inapplicable* since it is predicated upon existence of an opportunity for original hearing or trial.

In a case decided subsequently to the one before us, Consolidated Merchandising Co. v. United States, 72 Cust.Ct. 308, C.R.D. 74–7, 375 F.Supp. 1356 (1974), various causes of action had been dismissed by the clerk of the Customs Court on January 9, 1974, for lack of prosecution.[5] On February 15, 1974, the plaintiffs moved to have the order of dismissal set aside and vacated. Defend-

ant objected that the court lacked jurisdiction inasmuch as a timely motion for rehearing had not been filed under 28 U.S.C. § 2639. Counsel for defendant advised the court that through inadvertence and mistake it had failed to file proposed decisions and judgments with the court until January 29, 1974; and counsel for plaintiff advised that through error and mistake he had failed to note the order of dismissal and had, accordingly, omitted taking remedial action until February 15. On March 11, 1974, the court entered an order setting aside and vacating the orders of dismissal and restoring the causes of action to the October 1970 Reserve File for a period to and including April 15, 1974. In rejecting defendant's motions to withdraw stipulations on agreed statement of facts and the proposed decisions and judgments filed with the court, the court said:

> it is difficult, indeed, to perceive how the terms "rehearing" and "retrial," referred to in section 2639, can be given such a comprehensive construction as to include within its orbit the motion to vacate the order of dismissal entered January 9, 1974 in the within proceedings—an order which had never been determined on its merits and which, unquestionably, was entered because of the concurrent mistake and inadvertence of counsel for plaintiffs and defendant under a unique procedure provided by the rules adopted by the United States Customs Court and never in existence at the time of the enactment of the statute in question.
>
> . . .
>
> . . . Therefore, in the absence of a rule of procedure applicable to the facts and circumstances herein, the prerogative provided by rule 1.1(b) of this court has been invoked.[6]

---

**5.** The causes had been continued on the October 1970 Reserve File until January 1, 1974.

**6.** Rule 1.1(b) provides, inter alia:
Where, in any proceeding or in any instance, there is no applicable rule of procedure, the judge or judges, before whom the action is pending, may prescribe the same.

It is thus apparent that the Customs Court is now of the opinion that 28 U.S.C. § 2639 does not control a motion to vacate an order of dismissal which has not been determined on its merits and which was entered because of the concurrent mistake and inadvertence of counsel.

█ Recognizing the right of a court to interpret its own rules, we observe that Rule 8.3(d) of the Customs Court provides that a dismissal of actions in the reserve file "shall operate as an adjudication upon the merits"; and, in the *Kaiser, Gehrig, Aut,* and *Williams* cases, supra, the Customs Court stated that motions to vacate or set aside were, in effect, motions for rehearing or retrial controlled by the predecessor statute, 28 U.S.C. § 2640. Also, the logic of the Customs Court, expressed in *Borneo-Sumatra Trading Co.,* supra, that the words "rehearing" and "retrial" include cases where an opportunity for an original hearing or an original trial was made available, was adopted by this court in the *Fenton* case, supra. Although it is true that prior to promulgation of its rules relating to the reserve file the Customs Court had a calendar call at which

pending cases were called for hearing, plaintiff-appellee assuredly had an opportunity for hearing—whether by trial, motion, or stipulation.[7] That this opportunity was lost through mistake or inadvertence of counsel could hardly be said to render 28 U.S.C. § 2639 inapplicable, much less extend the statutory period. See Seneca Grape Juice Corp. v. United States, 492 F.2d 1235, 61 CCPA 118 (1974). Accordingly, we hold that 28 U.S.C. § 2639 applies to this case.[8]

In granting plaintiff-appellee's motion to set aside the original order of dismissal, the Customs Court undertook, in effect, to cure the failure to comply with 28 U.S.C. § 2639. This it had no power to do. See Slade v. United States, 85 F.2d 786 (10th Cir. 1936).

We are not unmindful of the equities favoring plaintiff-appellee. However, as we said in Quigley & Manard, Inc. v. United States, 61 CCPA 65, C.A.D. 1121, 496 F.2d 1214 (1974), "it is by way of special legislation in the Congress rather than judicial remedy that relief on the basis of such equities must be sought."

The judgment of the Customs Court is reversed.

---

**7.** Rule 14.6(b) provides:

(b) Removal from Reserve File: An action may be removed from the reserve file: (1) upon the filing of a complaint pursuant to Rule 4.4; or (2) upon the granting of a motion for consolidation pursuant to Rule 10.3 or for suspension pursuant to Rule 14.7(b); or (3) upon submission of the ac-

tion to the court for decision upon an agreed statement of facts pursuant to Rule 8.1.

**8.** Appellee's citation to the Federal Rules of Civil Procedure is inapposite inasmuch as they are expressly made applicable to the United States district courts only. Fed.R. Civ.P. 1. See 28 U.S.C. § 2072.