The UNITED STATES, Appellant,

v.

**CONSOLIDATED MERCHANDISING CO. et al., Appellees.**

Customs Appeal Nos. 75–2 to 75–5.

United States Court of Customs and Patent Appeals.

Jan. 15, 1976.

Rex Lee, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Velta A. Melnbrencis, New York City, for the United States.

Joel K. Simon, Serko & Simon, New York City, attorney of record, for appellees.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

PER CURIAM.

These consolidated appeals have been submitted on appellant's motion for summary reversal, filed June 9, 1975, appellant's memorandum in support thereof, appellees' memorandum in opposition thereto, and the briefs filed in response to this court's order of September 30, 1975.

Appellant's motion is granted and the Customs Court's Order of May 30, 1974, is reversed for the reasons discussed in *United States v. Torch Manufacturing Co.*, 509 F.2d 1187, 62 CCPA ——, C.A.D. 1143 (1975).

As conceded by the government, the equities in the present cases lie with appellees. The failure of the government to timely file agreed-upon decisions and judgments, though it cannot be relied upon by appellees as relieving them of their burden to comply with the statute, clearly raises a question of unjust enrichment of the government. Appellees' remedy, however does not lie with the courts, who are powerless to disregard the statute. That remedy, if remedy there is to be, must be sought by way of special legislation in the Congress. *Quigley & Manard, Inc. v. United States*, 496 F.2d 1214, 61 CCPA 65, C.A.D. 1121 (1974); *United States v. Torch Manufacturing Co.*, supra at 1192.

Accordingly, the May 30, 1974 order of the Customs Court is reversed and the above-entitled cases are remanded with instructions to reinstate the January 9, 1974 judgment orders of that court.