**R. W. SMITH & CO., INC.**

v.

**UNITED STATES.**

C.D. 4663; Court Nos. 71–10–01250 and 71–10–01251 on spring clothespins.

United States Customs Court.

June 28, 1976.

---

Barnes, Richardson & Colburn, New York City (Edward F. Christopher, New York City, of counsel), for plaintiff.

Rex E. Lee, Asst. Atty. Gen., Washington, D.C. (Carol A. Calhoun), New York City, for defendant.

MALETZ, Judge:

The above actions, which are before the court on cross-motions for summary judgment, are hereby ordered consolidated pursuant to rule 10.3(a) inasmuch as they involve the same plaintiff-importer, the same merchandise and the same issues of law.

The merchandise in question consists of spring clothespins assessed with duty at 20 cents per gross under paragraph 412 of the Tariff Act of 1930, pursuant to Presidential Proclamation No. 3211.

Entry 2686–H, the subject of Court No. 71–10–01250, which we shall consider first, was liquidated on November 22, 1961 by the collector of customs at Houston, Texas. Prior thereto, on October 18, 1961, Presidential Proclamation No. 3211 was declared void in *Falcon Sales Company, et al. v. United States,* 47 Cust.Ct. 129, C.D. 2292, 199 F.Supp. 97, *appeal dismissed,* 49 CCPA 139 (1962).

On May 10, 1963, plaintiff filed a protest against the liquidation, requesting a "re-liquidation" of the entry and citing therein the decisions of this court in *Falcon* and in *C. O. Mason, Inc. v. United States,* 49 Cust.Ct. 89, C.D. 2364 (1962)[1] which held

1. Affirmed, *United States v. C. O. Mason, Inc.,* 51 CCPA 107, C.A.D. 844 (1964). The protest therein, which was filed from one to three years after the liquidation of the involved en-

that a liquidation based upon an unconstitutional statute is void; that a void liquidation does not start the running of the 60-day period prescribed in section 514 of the Tariff Act of 1930, for the filing of protests; that any protest filed thereon is premature; and that it is the collector's duty to liquidate the entry in accordance with the law.[2]

Plaintiff's protest was reviewed and denied on June 17, 1963 by the collector on the ground that the "protest was not received within the [60 day] statutory period." Pursuant to the statutory procedures then in effect,[3] the protest and official papers were forwarded to this court and assigned protest No. 63/12071.

In 1968, our appellate court, applying the rationale of its decision in *United States v. C. O. Mason, Inc., supra,* (note 1, *supra* ), held that a liquidation based on a void Presidential proclamation (specifically, Presidential Proclamation 3211) is void; that a void liquidation does not start the running of the 60-day period of limitations

of section 514, *supra* ; that, consequently, a protest filed respecting the "liquidated" entry is premature; and that it is the duty of the collector to make a valid liquidation of the entry pursuant to law. *United States v. Cajo Trading, Inc.,* 403 F.2d 268, 55 CCPA 61, C.A.D. 934 (1968), *cert. den.,* 393 U.S. 827, 89 S.Ct. 90, 21 L.Ed.2d 98 (1968).

Following the *Cajo* decision, the Commissioner of Customs, on May 9, 1969, published T.D. 69–117 (3 Cust.Bull. 362) which stated as follows:

In the case of *United States v. Cajo Trading, Inc.,* the United States Court of Customs and Patent Appeals held, in a decision dated February 15, 1968, published as C.A.D. 934, that a liquidation made pursuant to a Presidential proclamation later declared invalid is void, and therefore fails to start running the 60-day period provided in section 514, Tariff Act of 1930, for the filing of protests. Certiorari was denied on October 14, 1968.

Since the Supreme Court has denied certiorari in this case and since the

tries, was dismissed by the court for prematurity.

2.  Section 514 (19 U.S.C. § 1514) then in effect provided, in pertinent part, that—

Except as provided in subdivision (b) of section 1516 of this title * * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), * * * under any provision of the customs laws, and his liquidation or reliquidation of any entry, * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, * * * be final and conclusive upon all persons (including the United states and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, * * * as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, * * * the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a

protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

3.  Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515) provided, in pertinent part, that—

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, * *. If the collector shall, upon such review, affirm his original decision, * * * and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

Government does not intend to further litigate the questions involved, requests by importers to apply this decision and to reliquidate entries, or to certify stipulations regarding entries under protest and pending before the United States Customs Court shall be honored only where, (1) the original liquidation was made under a Presidential proclamation held to be void in a final decision of the United States Customs Court and (2) where the official original entry records are available to the District Director.

Such reliquidation or certification of a stipulation shall not be accomplished based upon unofficial entry documents.

During the period from 1963 to 1969, protest No. 63/12071 was subject to the following actions: suspended on March 19, 1964 under protest No. 61/11342; suspended on February 16, 1967 under Appeal No. 5263 (*United States v. Cajo Trading, Inc., supra*); continued (after removal from the suspension calendar) on March 11, 1969; continued and returned to Houston on June 6, 1969; and dismissed at the calendar call in Houston on November 10, 1969 for lack of prosecution upon the government's motion, with appearance by plaintiff noted.[4] The order of dismissal was entered on September 3, 1970.

Plaintiff neither moved for rehearing therein nor took an appeal from the order of dismissal.

By letter dated October 8, 1970, plaintiff requested the district director of customs at Houston to refund the duties collected on entry 2686–H which was the subject of the above-dismissed protest. The request was denied on January 18, 1971 and protest No. 5301–1000114 was filed on April 10, 1971 against the district director's refusal to "reliquidate" the entry. The protest alleged that the proper rate of duty was 10 cents per gross and stated:

The Pres. Proc. increasing the duty on such mershandise [sic] was void and any previous purported liquidation based thereon was likewise void for the reasons set forth in CAD 934. The entry should be "liquidated" under the direction [sic] in T.D. 69/117.

The protest was denied on April 12, 1971 on the ground that "There is no basis for administrative relief & this office cannot reverse a decision of the U.S. Customs Court (previous protest dismissed, judgment of the court dtd 9–3–70)."

The summons in the case first being considered (Court No. 71–10–01250) was filed on October 4, 1971, and plaintiff's motion herein for summary judgment was filed in November 1975. The motion alleges that the liquidation in question is void and that the protest must be dismissed as premature; however, the motion is accompanied by a proposed order *sustaining* the protest and ordering the district director to liquidate the entry pursuant to T.D. 69–117.

In support of its motion, plaintiff cites the *Falcon Sales* and *Cajo Trading* cases as authority for the proposition that this court "had no jurisdiction over the original protest [No. 63/12071] and could not lawfully dismiss for lack of prosecution." Therefore, plaintiff asserts, its "rights were never lawfully at issue" and "the basis for the instant cause of action did not arise until the District Director . . . refused to liquidate or 'reliquidate' the entry in question on January 18, 1971."

Defendant contends on its cross-motion for summary judgment that the dismissal of protest No. 63/12071 was a final adjudication on the merits and that the doctrine of res judicata is a bar to the instant action. The defendant also asserts that the *C. O. Mason* and *Cajo Trading* holdings are inapplicable herein but, even if deemed applica-

---

4. The status of the protest and dispositions thereof are shown on the Calendar Card which was retained with protest No. 63/12071.

Rule 5(b) of this court in effect during this period, provided that—

Whenever it shall be made to appear to a division of this court or a judge before whom a cause, action, or proceeding is pending that the same is not being prosecuted with due diligence, the court may, either upon its own motion or upon the motion of any interested party, enter an order dismissing the said cause, action, or proceeding for lack of prosecution.

ble, should not be followed. Finally, it argues that plaintiff's claim should be barred under the doctrine of laches.

Although framed in different terms by the parties, the pivotal issue herein is whether the judgment of this court dismissing protest No. 63/12071 for lack of prosecution is open to collateral attack on the ground that the court lacked jurisdiction in that action.

As noted, the claimed jurisdictional defect asserted by plaintiff is based on the holding in *Cajo Trading* that the court lacks jurisdiction over a protest filed against a liquidation that is void because it was made pursuant to an invalid Presidential proclamation and that the protest must be dismissed for prematurity inasmuch as the time for its filing had not commenced to run.

We find that under the circumstances here outlined it is too late to raise the question of jurisdiction.

■ Under the doctrine of res judicata a judgment entered in an action is conclusive as to all matters that were or might have been litigated or adjudged therein. *Partmar Corporation v. Paramount Pictures Theatres Corp.,* 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. 532 (1954); *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Chicot County Drainage District v.*

*Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Cromwell v. County of Sac,* 94 U.S. 351, 24 L.Ed. 681 (1876).

Thus, res judicata serves as a bar to relitigation of the same matters in a subsequent action between the same parties.

■ In this connection res judicata applies to suits involving a question as to jurisdiction over the subject matter where that identical issue was raised and decided in a prior action. *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), *rehearing denied,* 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938).[5] *Skillern's Executors v. May's Executors,* 10 U.S. (6 Cranch) 267, 3 L.Ed. 220 (1810).

Res judicata has also been applied where the question of jurisdiction could have been raised in the prior proceeding, but the party who might have raised it failed to do so. Thus, in *Chicot County Drainage District v. Baxter State Bank, supra,* Mr. Chief Justice Hughes declared (308 U.S. at 376, 60 S.Ct. at 319):

. . . The argument is pressed that the District Court was sitting as a court of bankruptcy, with the limited jurisdiction conferred by statute, and that, as the statute was later declared to be invalid, the District Court was without jurisdiction to entertain the proceeding and hence its decree is open to collateral attack. We think the argument untenable.

---

**5.** In *Stoll,* Mr. Justice Reed stated (305 U.S. at 171, 59 S.Ct. at 137, footnotes omitted):

. . . Every court in rendering a judgment, tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter. An erroneous affirmative conclusion as to the jurisdiction does not in any proper sense enlarge the jurisdiction of the court until passed upon by the court of last resort, and even then the jurisdiction becomes enlarged only from the necessity of having a judicial determination of the jurisdiction over the subject matter. When an erroneous judgment, whether from the court of first instance or from the court of final resort, is pleaded in another court or another jurisdiction the question is whether the former judgment is *res judicata.* After a federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of *res judicata* is made has not the power to inquire again into

that jurisdictional fact. We see no reason why a court, in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation. In this case the order upon the petition to vacate the confirmation settled the contest over jurisdiction.

Courts to determine the rights of parties are an integral part of our system of government. It is just as important that there should be a place to end as that there should be a place to begin litigation. After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first.

The lower federal courts are all courts of limited jurisdiction, that is, with only the jurisdiction which Congress has prescribed. But none the less they are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally.

\*   \*   \*   \*   \*   \*

The remaining question is simply whether respondents, having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that *res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, "but also as respects any other available matter which might have been presented to that end." *Grubb v. Public Utilities Comm'n, supra*; *Cromwell v. County of Sac, supra.*

The line of Supreme Court decisions respecting the finality of judgments was followed by this court in *Fulghum & Co. v. United States*, 1 Cust.Ct. 284, C.D. 66 (1938), which held that once a judgment has become final and conclusive upon all persons it may not be attacked collaterally. The issue was raised in *Fulghum* by reason of the collector's refusal to reliquidate in accordance with a prior decision that was based upon a stipulation submitted by the parties. Ordering the collector to reliquidate in accordance with the prior judgment, the court stated (1 Cust.Ct. at 286):

> Whether or not this court in its original decision and judgment had jurisdiction of that portion of the merchandise which remained in the warehouse on June 17, 1930, need not be here determined. Suffice it to say that for a long period of time after our judgment became final no one questioned our original jurisdiction over the parties or any portion of the merchandise. It is well settled that under circumstances such as we have here it is now too late to raise the question of jurisdiction. . . .

The court added (1 Cust.Ct. at 287):

> In the case of *Fulghum v. United States,* decided by this court on May 7, 1934, even though our jurisdiction over that portion of the merchandise remaining in the warehouse was not affirmatively established, yet our judgment was binding on all persons. If there were any apparent want of jurisdiction of such merchandise, this could have availed the parties in this case only on an appeal, or motion for rehearing. Once our judgment became final upon all persons it was too late to raise any question of jurisdiction.[6]

Another aspect of the finality of judgments is the now settled rule, recently reiterated in *United States v. Torch Manufacturing Co., Inc.,* 509 F.2d 1187, 62 CCPA 41, C.A.D. 1143 (1975), that this court lacks jurisdiction to act upon a motion made more than 30 days after entry of an order of dismissal and to set aside the order since the motion was made after the 30-day limitation period provided in 28 U.S.C. § 2639 for motions for rehearing or retrial.[7] The

---

**6.** See also *Harry Garbey v. United States,* 25 CCPA 88, T.D. 49067 (1937), wherein appellant raised a jurisdictional question after mandate had issued from the Court of Customs and Patent Appeals to this court which had entered judgment in accordance therewith. The appellate court held that a judgment or decree of a court of the United States may not be collaterally attacked after final disposition of a case, even though the jurisdictional facts do not appear in the record.

**7.** 28 U.S.C. § 2639, as amended by the Customs Courts Act of 1970, P.L. 91–271, effective October 1, 1970, provides as follows:

> The judge who has rendered a judgment or order may, upon motion of a party or upon his own motion, grant a retrial or a hearing, as the case may be. A party's motion must

appellate court noted that the terms "rehearing" and "retrial" in section 2639 included cases where the action was dismissed for lack of prosecution but an opportunity for an original hearing or trial was made available. Thus, it held, the 30-day limitation period applied to a case that was dismissed for lack of prosecution and the opportunity for hearing, which was available, was lost through mistake or inadvertence of counsel.

■ In other words, in the absence of an appeal, failure to make a timely motion for rehearing or retrial renders a judgment of dismissal based on lack of prosecution final as to all matters that might have been litigated so long as the opportunity for an original trial or hearing was made available. See also *Borneo-Sumatra Trading Company, Inc. v. United States,* 49 Cust.Ct. 510, A.R.D. 150 (1962).

Against this background of judicial decisions, we must consider what effect, if any, the judgment of this court on September 3, 1970, dismissing protest No. 63/12071, has on the instant action.

■ Plaintiff having failed, as noted, to move for rehearing or to appeal from the decision therein, as provided for at that time in 28 U.S.C. §§ 2640 and 2637,[8] the judgment became final and the collector's determination as to the duty assessment became "final and conclusive upon all persons" (19 U.S.C. § 1515, *supra,* note 3). Furthermore, all questions that were raised or could have been raised by plaintiff for determination, including the jurisdiction of

the court, were subsumed in the final judgment. Accordingly, res judicata may properly be pleaded as a bar in this action with respect to all such questions. *Chicot County Drainage District v. Baxter State Bank, supra.*

■ In order to avoid the application of res judicata, plaintiff seeks to differentiate protest No. 63/12071 from the present action by basing the present action on the district director's refusal to "honor the request that the entry be liquidated, or reliquidated, in spite of the instructions contained in T.D. 69–117." (Complaint paragraph 18.) However, plaintiff's effort to delineate the issue in this fashion is merely a ploy to disguise the true nature of plaintiff's claim as set forth in paragraphs 2–9 and 11–16 of the complaint, which (1) recite the background facts as to the liquidation; (2) set forth the effect of the *Falcon Sales* and *Cajo Trading* decisions; and (3) conclude that the "entry in question has never been liquidated according to law."[9] In sum, the court finds that the earlier action—protest No. 63/12071—and the instant action raise the identical issue for determination, namely, the validity of a liquidation based upon a void Presidential proclamation and the timeliness of a protest filed with respect to that liquidation.

■ In these circumstances, we must conclude that the judgment of September 3, 1970 dismissing protest No. 63/12071 was determinative of the issue raised therein by plaintiff and that it is res judicata of that same issue raised in the present action.[10]

be made or the judge's action on his own motion must be taken, not later than thirty days after entry of the judgment or order.

8. Prior to amendment by the Customs Courts Act of 1970, P.L. 91–271, 28 U.S.C. § 2640 provided that—
   A division which has decided a case or a single judge who has decided an appeal for a reappraisement may, upon motion of either party made within thirty days next after such decision, grant a rehearing or retrial.
And 28 U.S.C. § 2637 provided that—
   The decision of a division of the Customs Court, in any matter within its jurisdiction shall be the decision of such court, and shall be final and conclusive upon all parties, un-

less a party to such proceeding takes an appeal to the Court of Customs and Patent Appeals within the time and manner provided in section 2601 of this title. * * *

9. Even if the district director's refusal to act in accordance with the instructions contained in T.D. 61–117 were considered to be a protestable decision, the validity of that directive would be placed in issue, thus returning full circle to the essential question of the validity of a liquidation based upon a void Presidential proclamation.

10. The res judicata principle is applicable here since both cases involve the same issue, party and importation. A prior judgment determin-

That determination, while open to direct review, may not be attacked collaterally. *Chicot County Drainage District v. Baxter State Bank, supra*; *Stoll v. Gottlieb, supra*; *Fulghum & Co. v. United States, supra.*

At this juncture, it must be added that plaintiff has totally ignored that part of the directive in T.D. 69–117 which had a direct bearing on protest No. 63/12071 while it was still pending before the court. That directive states in pertinent part:

> . . . *requests by importers to apply this decision* and to reliquidate entries, *or to certify stipulations regarding entries under protest and pending before the United States Customs Court shall be honored* . . . [Emphasis added.]

In other words, T.D. 69–117 authorized Customs to certify stipulations covering entries under protest pending before this court which involved the factual and legal situation that existed with respect to entry 2686–H. However, nowhere in this record is it indicated or even claimed that plaintiff had prepared or submitted for certification a stipulation in accordance with that directive prior to dismissal of the protest. Thus, plaintiff through its own inaction failed to avail itself of the benefit of T.D. 69–117 when it had the opportunity to do so.

■ Another point to be considered is that plaintiff is estopped by its own actions to attack the prior judgment in this proceeding. It is settled that every court, in rendering a judgment, tacitly, if not expressly, determines its own jurisdiction. *Stoll v. Gottlieb, supra.* Plaintiff failed through its own dilatoriness and inaction to present to the court in the prior action the essential facts from which the court might well have concluded differently with respect to its jurisdiction and rendered a dif-

ferent decision. In Freeman on *Judgments* (5th ed., 1925) § 320 states:

> Even where the circumstances are such as might otherwise afford sufficient grounds for successful attack collaterally upon a judgment or decree, the conduct of a party may be such as to estop him from availing himself of those grounds. The general rule has been laid down and is supported by numerous decisions, that a party at whose instance a judgment was rendered is not entitled in a collateral proceeding to contend that the judgment is invalid. The reason or principle on which these decisions rest is not technically the doctrine of estoppel in the ordinary signification and acceptance of the term, but the principle that a person, having invoked the jurisdiction of a court and submitted himself thereto, cannot be heard thereafter, in a collateral proceeding, to question the jurisdiction so invoked. . . .

Thus plaintiff by its own conduct is precluded from assailing the judgment rendered in a proceeding which it initiated but neglected to prosecute.

We turn now to Court No. 71–10–01251 which presents an almost identical fact pattern. That action relates to entry 10129–H which was liquidated at Houston on July 12, 1962. Plaintiff's request, per letter of January 11, 1963, for reliquidation of the entry was denied on January 15, 1963. Plaintiff protested the collector's refusal on February 18, 1963, setting forth the same grounds stated in protest No. 63/12071. The protest was reviewed and denied on June 17, 1963 and was forwarded with the entry papers to the court where it was assigned No. 63/12056.

The Calendar Card therein shows that this protest 63/12056 was handled in identical fashion to protest No. 63/12071 and was finally dismissed for lack of prosecution,

ing the classification of imported goods and the applicable rate of duty thereon is not res judicata upon *another* importation of the same kind of goods by the same importer. *United States v. Stone & Downer Co.*, 274 U.S. 225, 47

S.Ct. 616, 71 L.Ed. 1013 (1927). For a discussion of the distinction between res judicata and collateral estoppel, see *J. E. Bernard & Co., Inc. v. United States*, 66 Cust.Ct. 545, 324 F.Supp. 496, R.D. 11739 (1971).

with the appearance of plaintiff noted, by court order entered on September 3, 1973.[11]

On January 18, 1971, the district director of customs at Houston refused to liquidate, or reliquidate, entry 10129–H pursuant to plaintiff's request of October 8, 1970. Protest No. 5301–1000115, setting forth the same grounds stated in protest No. 5301–1000114, was filed at Houston on April 10, 1971 and denied on April 12, 1971.

For the reasons previously indicated, the court reaches the same conclusion with respect to Court No. 71–10–01251 as it did in connection with Court No. 71–10–01250.

Plaintiff's motion for summary judgment in this consolidated action is denied, defendant's cross-motion for summary judgment is granted, and the action is dismissed.

---

11. The data here set forth with respect to protest Nos. 63/12071 and 63/12056 were obtained from the original files.