BELWITH INTERNATIONAL, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 78-5-00772

(Dated July 6, 1981)

*Stanley R. Gustafson* for the plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Robert H. White* on the brief), for the defendant.

LANDIS, *Judge:* In this action plaintiff moves to vacate a previous order and judgment of this Court which dismissed the action for failure to prosecute pursuant to Rule 86.

This action was dismissed by the Clerk on December 10, 1980. Plaintiff claims, *inter alia*, that he did not receive notice of the dismissal due to the fact that he changed office addresses and, further, that he had an agreement with the Attorney General's International Trade Field Office for an extension of time to enable the Attorney General to review the file in preparation for trial. Plaintiff further alleges that discovery has been completed.

The jurisdictional provision governing retrials and rehearings, 28 U.S.C. § 2646, is quite clear in its terms.

§ 2646  RETRIAL OR REHEARING.

After the Court of International Trade has rendered a judgment or order, the court may, upon the motion of a party or upon its own motion, grant a retrial or rehearing, as the case may be. A motion of a party or the court *shall be made not later than thirty days* after the date of entry of the judgment or order. [Emphasis supplied.]

Rule 60(b) of this Court which governs relief from judgments or orders also makes it quite clear that a motion seeking relief must be

made within thirty (30) days after the date of entry of the judgment or order.[1]

Plaintiff's motion is brought approximately five (5) months from the date of entry of the order of dismissal. As such, it is untimely and jurisdictionally defective and, therefore, must be denied. It has been held that although a party has mistakenly or inadvertently failed to act in a timely fashion and did not realize the consequence of its action that it cannot be granted an extension of time within which to act even though it may have a meritorious case. *United States* v. *Torch Manufacturing Co., Inc.*, 62 CCPA 41, C.A.D. 1143, 509 F. 2d 1187 (1975); *R. W. Smith & Co., Inc.* v. *United States*, 76 Cust. Ct. 253, C.D. 4663, 415 F. Supp. 895 (1976).

The denial of this motion should not be construed as foreclosing plaintiff from bringing an independent action, based in equity to relieve itself from the judgment of dismissal. Rule 60(b) specifically states:

> This rule does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

It cannot be too strongly emphasized that this Court still adheres to the strict jurisdictionally based rulings enunciated in *United States* v. *Torch Manufacturing Co., Inc., supra*, and *R. W. Smith & Co., Inc.* v. *United States, supra*. However, with the passage of the Customs Courts Act of 1980 this Court became imbued with full equitable powers (28 U.S.C. § 1585) and the right to grant related relief (28 U.S.C. § 2643(c)(1)) with the concomitant result of new legislation and new rules designed to enable this Court to render full relief when a matter is properly brought before it. Rule 60(b) is one such change and the independent equitable action theory thereunder should not be allayed by case law decided prior to the enactment of the new Customs Courts Act.

Accordingly, plaintiff's motion is denied without prejudice to commencement of an appropriate independent action seeking similar relief.

---

[1] Notably, Rule 60(b) of this Court differs from Rule 60(b) of the Federal Rules of Civil Procedure upon which this Court's rules were modeled. Under the Federal Rules, a motion brought pursuant to 60(b) for relief based upon enumerated categories 1, 2 and 3 under 60(b) must be made within one year from date of said order or judgment. Relief must be sought under the remaining categories *within a reasonable time*. This Court's rule is much more stringent as to the time within which relief must be sought.