COCLIN TOBACCO CO., Inc., Plaintiff-Appellant,

v.

BROWN & WILLIAMSON TOBACCO CORPORATION, Defendant-Appellee.

No. 177, Docket 30007.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1965.

Decided Nov. 18, 1965.

P. Jay Flocken, Washington, D. C. (George D. Reycraft, Washington, D. C., and Cadwalader, Wickersham & Taft, New York City, on the brief), for plaintiff-appellant.

David Hartfield, Jr., New York City (Rayner M. Hamilton and White & Case, New York City, on the brief), for defendant-appellee.

Before MEDINA, WATERMAN and SMITH, Circuit Judges.

PER CURIAM.

Having previously examined the briefs of counsel and the entire record, we heard oral argument and affirmed in open court.

The action was commenced on April 30, 1962. Thereafter the complaint was twice amended, a motion to quash the service of process on defendant British American Tobacco Company was granted after opposition and nothing was done by plaintiff or on plaintiff's behalf. The case was called on June 12, 1963 on a Special Review Calendar under General Rule 23 [1] of the District Court for the Southern District of New York. No one appearing in opposition, the cause was dismissed for lack of prosecution, without prejudice and without costs. Although we are informed in a general way that plaintiff learned of the dismissal "in January, 1965," no steps were taken to vacate the order of dismissal until the service of the motion papers on or about July 1, 1965.

While the failure to prosecute is vaguely blamed on the firm of attorneys who commenced the action and we are told that one of them has been disbarred and another suspended from practice, it is to be noted that plaintiff was also represented by a firm of Connecticut lawyers, who received a third of the retainer paid before the action was commenced and had a further one-third contingent interest in any fee of the New York attorneys of record based on the recovery. It is revealing that the affidavit supporting the motion to vacate states:

"During the years of 1963 and 1964 I spoke with Attorney Rothstein several times by phone and he assured me that everything was going well on my case and that I should be ready for trial at a moments [sic] notice."

Thus, in effect, neither appellant nor its New York or Connecticut lawyers are shown to have done anything to further the prosecution of the case, despite the fact that one of the alleged causes of action alone asserts damages of $1,000,000, to be trebled in a claim based on a violation of the anti-trust laws. How plaintiff felt so reassured when told "to be ready for trial on a moments [sic] notice" is not explained.

Nor is there even an affidavit of merits or any other indication that appellant did have or could have had any reasonable expectation of success. Accordingly, on this record, we think none of the subdivisions of Rule 60(b) of the Federal Rules of Civil Procedure is applicable. The motion to vacate the order of dismissal was properly denied.

Affirmed.

---

1. Rule 23. Review of Causes; Dismissal for Want of Prosecution

Causes which have been pending for more than (Southern) one year * * * and are not on the trial calendar may be called for review upon not less than fifteen (15) days' notice given by the clerk by mail addressed to the attorneys or proctors of record. Notice of the call of such causes shall be published in the New York Law Journal, or otherwise as the court directs. The court may thereupon enter an order dismissing the cause for want of prosecution, or continuing it, or may make such other order as justice may require.