**BIO–RAD LABORATORIES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 85–06–00862.**

United States Court of International Trade.

June 30, 1988.

Elon A. Pollack, Los Angeles, Cal., Michael R. Doram, Beverly Hills, Cal., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, New York City, James A. Curley, for defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

Plaintiff has moved under Rule 60(b) to set aside the dismissal of this action on the ground that the discord and confusion accompanying the dissolution of the law firm representing plaintiff as well as the physical and mental disability of the attorney responsible for the action justify the relief sought.

This action was dismissed on June 16, 1987 following a notice of impending dismissal sent on April 23, 1987 to the New York office of Mandel, Resti, Pollack & Borakove. On or about that date the law firm had been dissolved and its office in New York was largely unattended. In addition, the attorney responsible for monitoring the action had recently been hospitalized for a serious physical disability and was undergoing intensive physical and psychiatric therapy as an outpatient.

In September, 1987, plaintiff's present counsel, a partner of the dissolved firm who was and is resident in Los Angeles, learned that the action had been dismissed and filed this motion for relief from the judgment of dismissal.

The government opposes the motion on the ground that the terms of 28 U.S.C. § 2646 (stating that a motion for a retrial or rehearing shall be made not later than thirty days after entry of the judgment) make this motion untimely.

In the opinion of the Court the terms of 28 U.S.C. § 2646 apply to the rehearings available under Rule 59, namely, rehearings which are directed to issues which were treated, revealed, or advanced in the original trial, decision or judgment. For that sort of motion, i.e., to rehear what has been done in plain sight, a limit of 30 days is proper. But for the motion made under Rule 60 and based on reasons which often depend on the discovery of hidden mistakes, frauds or other causes of injustice, which cannot be expected to be uncovered immediately after judgment, it would be absurd and unfair to apply the 30-day statutory limit of 28 U.S.C. § 2646. It would

be equally absurd to attribute such an intention to Congress.

The present court rule conforms to the Federal Rules of Civil Procedure and has the same time limits, namely, that it must be made within a reasonable time, or, for its first three grounds, within one year after the entry of judgment. The mere fact that prior to conforming its Rule 60(b) to the Federal Rules in 1985, this Court had placed a 30–day limit on the motion does not indicate that the limit was compelled by statute. Prior cases of this court did not draw this conclusion. If the case of *Belwith Int'l Ltd. v. United States*, 2 CIT 14, (1981) [available on WESTLAW, 1981 WL 2477] creates any confusion on this point, it should be noted that its citation of 28 U.S.C. § 2646 was unnecessary. A proper reading of that decision reveals that it was the Court rule which made the thirty day limit fatal to plaintiff's motion. That rule was changed and no longer presents an obstacle.

Under the present Rule 60(b) the court's procedure should be fully consistent with the Federal Rules of Civil Procedure and with the relevant case law developed under that rule. As regards the facts underlying this motion, the Court is satisfied that the circumstances constituted exceptional circumstances primarily attributable to the illness of an attorney as in *United States v. Cirami*, 563 F.2d 26 (1st Cir.1977), that relief was sought with reasonable promptness by a properly authorized attorney, and that plaintiff has a meritorious claim.

For these reasons and in furtherance of the paramount interests of doing justice and equity in this matter it is hereby

ORDERED that plaintiff's motion is granted, the Order of Dismissal is set aside and the action is restored to the Joined Issue Calendar where it may remain until September 30, 1988.