**RHONE POULENC, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 85–10–01360.\***

United States Court of
International Trade.

Aug. 15, 1988.

* Consolidated with: Nos. 85–10–01361, 85–11– 01643, 85–11–01651, 86–01–00008 to 86–01–

Donohue and Donohue, James A. Geraghty, New York City, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, U.S. Dept. of Justice, Mark S. Sochaczewsky, New York City, for defendant.

DiCARLO, Judge:

Rhone Poulenc, Inc. (plaintiff) moves pursuant to 28 U.S.C. §§ 1585 and 2643(c)(1) (1982) and Rules 60(b) and 82(b) of the Rules of this Court to set aside judgments of dismissal for lack of prosecution and restore twelve actions to the Court's suspension disposition calendar. The Court finds that the motion is beyond the 30 day limit of 28 U.S.C. § 2646 (1982) and must be denied for lack of jurisdiction.

## BACKGROUND

Synthetic silica was found to be classifiable duty free under item 523.11 of the Tariff Schedules of the United States in the test case of *Rhone Poulenc, Inc. v. United States*, 11 CIT ——, Slip Op. 87–75 (June 26, 1987) [available on WESTLAW, 1987 WL 13266]. Twelve cases had been placed on the suspension disposition calendar pending the final determination of that test case. Pursuant to Rule 85(b) of the Rules of this Court, the Clerk of the Court mailed notices, after the time to appeal had expired, informing the parties that the suspended actions would be dismissed unless removed from the suspension disposition calendar before April 30, 1988. Plaintiff acknowledges receiving the notice on October 30, 1987, but avers that the attorney handling these cases had just learned his father was dying and, contrary to his usual practice, did not note the April removal date. *Plaintiff's Memorandum in Support of Motion to Set Aside Dismissal Orders*, at 7 and exhibit 7.

Plaintiff's counsel prepared proposed stipulations for the suspended actions and submitted them to defendant's counsel on November 25, 1987. *Id.* at 5 and exhibit 1. Defendant revised the stipulations and returned them on December 15, 1987. *Id.* at 5 and exhibit 2. In accordance with Rule 80 of the Rules of this Court, defendant asked the clerk on February 1, 1988 to return the entry documents to the involved ports for review and marking, a customary procedure in processing stipulations. *Id.* at 5 and exhibit 3. The clerk complied and

00010, 86–01–00040, 86–01–00041, 86–02–00245,     86–12–01633 and 86–12–01634.

asked Customs to respond within 30 days. *Id.* at 5 and exhibit 4. Follow-up notices were sent when Customs failed to respond within the 30 day period. *Id.* at 5 and exhibit 5.

The actions were not removed from the suspension disposition calendar under any of the procedures available under Rule 85(c), and on May 6, 1988 the Clerk of the Court entered Rule 85(d) orders dismissing the twelve actions for lack of prosecution.

Plaintiff provides additional details that throughout the stipulation process, counsel for the parties conferred by telephone but never mentioned the suspension removal date, and that plaintiff received the first confirmed stipulation for Case No. 85–11–01643 in "late May, 1988." *Plaintiff's Memorandum in Support of Motion to Set Aside Dismissal Orders,* at 6. Plaintiff states it never received dismissal notices, and believed in good faith the actions would remain on the suspension disposition calendar for eighteen months from the date the test case became final, rather than the time indicated in the clerk's notice. Plaintiff states it first learned of the dismissals during a telephone conversation with the case management section of the clerk's office, after finding the clerk's removal notice while preparing a draft suggested judgment for the first stipulation. *Motion for Relief From Judgments,* at 1–2. Plaintiff filed its motion on June 7, 1988, 33 days after the orders of dismissal were entered.

## DISCUSSION

### 1

Plaintiff states that granting the requested relief will advance justice and equity because (1) plaintiff never received notices of dismissal which would have prompted it to act earlier, (2) defendant will not be prejudiced because stipulated judgments were being actively considered following the test case in which plaintiff prevailed, (3) the matter arose through mistake, inadvertence, or excusable neglect which are grounds for relief under Rule 60(b), and (4) the actions remained on the suspension disposition calendar for only eight months rather than the full eighteen months allowed under Rule 85(b).

Defendant opposes restoring the actions because (1) plaintiff's motion was brought more than 30 days after entry of the dismissal orders and is thus barred under 28 U.S.C. § 2646 (1982) because Rule 60(b) of the Rules of this Court cannot enlarge the statutory 30 day limit for retrial or rehearing, and (2) plaintiff has failed to establish an appropriate basis for setting aside the dismissal orders. Defendant states "the window of jurisdiction has closed" and argues plaintiff's only remedies are a timely appeal or a request of Congress.

The Court of Customs and Patent Appeals reversed a Customs Court decision which considered the same arguments now advanced before this Court. *United States v. Torch Mfg. Co.,* 62 CCPA 41, 43, C.A.D. 1143, 509 F.2d 1187, 1189 (1975). The Customs Court had interpreted 28 U.S.C. § 2639, the statute which then controlled motions for rehearings and retrials, as not controlling on a motion to set aside dismissals of actions that had not been determined on their merits and which were entered because of the concurrent mistake and inadvertence of counsel. The statute then in effect, 28 U.S.C. § 2639 (as amended by the Customs Court Act of 1970, Public Law 91–271, effective October 1, 1970), provided:

> The judge who has rendered a judgment or order may, upon motion of a party or upon his own motion, grant a retrial or a hearing, as the case may be. A party's motion must be made or the judge's action on his own motion must be taken not later than thirty days after entry of the judgment or order.

The Court of Customs and Patent Appeals declared the Customs Court had no power to vacate orders of dismissal or cure a party's failure to comply with the statute because the court could not enlarge its jurisdiction by its own rules. 62 CCPA at 47, 509 F.2d at 1192.

The statute now in effect, 28 U.S.C. § 2646 (1982), is substantively identical to the statute considered in *Torch:*

After the Court of International Trade has rendered a judgment or order, the court may, upon the motion of a party or upon its own motion, grant a retrial or rehearing, as the case may be. A motion of a party or the court shall be made not later than thirty days after the date of entry of the judgment or order.

28 U.S.C. § 2646 (1982). The legislative history of the Customs Courts Act of 1980 shows that section 2646 was drafted as "a restatement of existing law as set forth in 28 U.S.C. § 2639." H.R. 1235, 96th Cong., 2d Sess. 62, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3774.

Plaintiff discounts this legislative history and instead places great weight on the Customs Courts Act of 1980 which conferred upon the Court of International Trade full equitable powers and the right to grant related relief. 28 U.S.C. §§ 1585, 2643(c)(1) (1982). An early decision interpreting those new powers identified Rule 60(b) of the Rules of this Court as one of the important changes attendant to the equitable powers of the Court of International Trade. The decision, *Belwith Int'l. Ltd. v. United States*, 2 CIT 14 (1981) [available on WESTLAW, 1981 WL 2477], denied a motion to vacate an order of dismissal for failure to prosecute pursuant to Rule 86 of the Rules of this Court because the motion was filed more than 30 days after the date of entry of the dismissal order, and 30 days was the time limit under both 28 U.S.C. § 2646 and Rule 60(b) of the Rules of this Court. The court instructed that the denial of the motion to vacate should not be construed to foreclose an independent equitable action under Rule 60(b) for relief from the judgment of dismissal. The court stated that "the independent equitable action theory [under Rule 60(b)] should not be allayed by case law decided prior to the enactment of the new Customs Courts Act." *Belwith Int'l*, 2 CIT at 15. At that time, however, Rule 60(b) only allowed 30 days so that there was no conflict with the time period under 28 U.S.C. § 2646.

Rule 60(b) of the Rules of this Court has since been amended to extend the time period for motions from 30 days to one year:

On motion of a party ... the court may relieve a party or his legal representative from a final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, ....

The motion shall be made within a reasonable time, and for [reason of mistake, inadvertence, surprise, or excusable neglect] not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

The amended rule conforms to the period allowed under Rule 60(b) of the Federal Rules of Civil Procedure. However, Rule 60(b) of the Rules of this Court is not coextensive with Rule 60(b) of the Federal Rules of Civil Procedure because the United States Supreme Court acted under a broader grant of authority from Congress when it promulgated the federal rules under the Rules Enabling Act:

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

28 U.S.C. § 2072 (1982). There is no similar provision in the relevant portion of section 301 of the Customs Courts Act of 1980, 28 U.S.C. § 2633(b) (1982).

Defendant's legal argument against vacating the dismissal orders was recently rejected in *Bio–Rad Laboratories, Inc. v. United States*, 12 CIT ——, 687 F.Supp. 1580 (1988), where the court limited the 30 day deadline in 28 U.S.C. § 2646 (1982) to rehearings under Rule 59 of issues that were treated, revealed, or advanced in an original trial, decision, or judgment. The court found that for motions to rehear what was done in plain sight, a limit of 30 days is proper. However, the court found that motions under Rule 60(b) of the Rules of this Court are subject to different considerations:

But for the motion made under Rule 60 and based on reasons which often depend on the discovery of hidden mistakes, frauds or other causes of injustice, which cannot be expected to be uncovered im-

mediately after judgment, it would be absurd and unfair to apply the 30–day statutory limit of 28 U.S.C. § 2646. It would be equally absurd to attribute such an intention to Congress.

*Bio–Rad Laboratories*, 12 CIT at ——, 687 F.Supp. at 1580–81.

██ The Court finds the controlling law is that expressed in *Torch*. *Torch* states the 30 day time period is a jurisdictional matter. *United States v. Torch Mfg. Co.*, 62 CCPA 41, 43, C.A.D. 1143, 509 F.2d 1187, 1189 (1975). *Torch* is a binding precedent which this Court must apply. *See South Corp. v. United States*, 1 Fed. Cir. (T) 1, 1, 690 F.2d 1368, 1369 (1982).

The Court also finds from the statutory language and legislative history of the Customs Courts Act of 1980 that 28 U.S.C. § 2646 (1982) was not intended as a substantive change in the law. H.R. 1235, 96th Cong., 2d Sess. 62, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3774.

The Court finds nothing in the statutes or legislative history of the Customs Courts Act of 1980 that allows the Court to exercise equitable powers where it lacks jurisdiction. Rule 60(b) does not independently confer jurisdiction because no court rule can enlarge or restrict jurisdiction. *See Washington–Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 635–36, 44 S.Ct. 220, 222, 68 L.Ed. 480 (1924). Rule 1 of the Rules of this Court recognizes this and provides that "[t]he rules shall not be construed to extend or limit the jurisdiction of the court."

2

██ Relief is also not available under 28 U.S.C. § 1585 or § 2643(c)(1) (1982) because those statutes cannot independently confer jurisdiction where none otherwise exists. *See Star Sales & Distrib. Corp. v. United States*, 10 CIT ——, 663 F.Supp. 1127, 1130 (1986); *Manufacture de Machines du Haut–Rhin v. Von Raab*, 6 CIT 60, 66, 569 F.Supp. 877, 883, *appeal dismissed*, No. 83–1341 (Fed.Cir. Dec. 29, 1983); *Kidco,*

*Inc. v. United States*, 4 CIT 103, 104 (1982) [available on WESTLAW, 1982 WL 2269].

3

██ If the Court was able to grant equitable relief under Rule 60(b) of the Rules of this Court, the Court would find plaintiff has an appropriate basis to set aside the dismissal orders. There is no showing of lack of diligence or wilful neglect on part of the plaintiff's counsel, but rather inadvertence attributable to the death of a family member. Plaintiff's counsel's firm maintains an internal docket to record suspense dates in various stages of litigation or administrative proceedings, with a system for recording suspense dates and informing the attorneys responsible of deadlines. After discovering that the actions had been dismissed, plaintiff moved under Rule 60(b) without delay to vacate the judgments of dismissal. Additionally, plaintiff prevailed in the test case before this Court, and was actively preparing stipulations to settle the twelve actions. The interests of justice strongly support settlement between the parties according to the law as interpreted by the courts. *See W.R. Filbin & Co. v. United States*, 11 CIT ——, Slip Op. 87–134 (Dec. 9, 1987) [available on WESTLAW, 1987 WL 27607].

**CONCLUSION**

The Court can neither enlarge its jurisdiction by its own rules nor exercise equitable powers where jurisdiction does not lie. Plaintiff's motion to vacate the orders of dismissal in case numbers 85–10–01360, 85–10–01361, 85–11–01643, 85–11–01651, 86–01–00008, 86–01–00009, 86–01–00010, 86–01–00040, 86–01–00041, 86–02–00245, 86–12–01633, and 86–12–01634 is denied.