RHONE POULENC, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 85–10–01360, etc.

(Decided July 27, 1989)

*Donohue and Donohue* (*James A. Geraghty*) for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Mark S. Sochaczewsky*) for defendant.

DiCARLO, *Judge:* In *Rhone Poulenc, Inc.* v. *United States,* 12 CIT 727, 694 F. Supp. 1579 (1988), this Court stated that if it had jurisdiction, it would have granted a motion under Rule 60(b) of the Rules of this Court to vacate an order under Rule 85(d) dismissing twelve actions from the Court's suspension disposition calendar. The Court did not grant the motion to vacate because it was filed more than 30 days after the order of dismissal, and the United

States Court of Customs and Patent Appeals had held a similar 30 day period to be a matter of "jurisdiction" for the predecessor to this Court, the United States Customs Court. *United States* v. *Torch Mfg. Co.,* 62 CCPA 41, 43, C.A.D. 1143, 509 F.2d 1187 (1975). Since the decision of the Court of Customs and Patent Appeals in *Torch* was considered to be binding precedent upon this Court, *see South Corp.* v. *United States,* 1 Fed. Cir. (T) 1, 1, 690 F.2d 1368, 1369 (1982), the Court denied the motion for lack of jurisdiction.

## I

In its decision in *Rhone Poulenc, Inc.* v. *United States,* No. 88–1602 (Fed. Cir. July 14, 1989), the Federal Circuit held that the decision of its predecessor court in *Torch* was not a viable precedent because the enactment of 28 U.S.C. § 1585 supplied the equitable "power to cure" found missing in *Torch.* Although *Torch* was "couched in 'jurisdictional' terms, the holding in *Torch* turned on the Customs Court's lack of equitable power." *Id.* at 11. Under 28 U.S.C. § 1585 (1982), the Court of International Trade possesses "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."

Finding that the Court of International Trade possessed the equitable power to grant the requested relief, the Federal Circuit held that a motion to vacate judgments of dismissal of actions which were not timely removed from the suspension disposition calendar because of alleged excusable neglect is not governed by the 30 day limit for retrial or rehearing under 28 U.S.C. § 2646, but rather the one year allowed under Rule 60(b) of the Rules of the Court of International Trade. *Accord Bio-Rad Laboratories, Inc.* v. *United States,* 12 CIT 597, 687 F. Supp. 1580 (1988).

## II

Since there is no "jurisdictional" impediment, the Court follows its determination in *Rhone Poulenc, Inc.* v. *United States,* 12 CIT 727, 694 F. Supp. 1579, 1583 (1988), that the plaintiff has an appropriate basis to set aside the dismissal orders. There has been no showing of lack of diligence or wilful neglect on part of the plaintiff's counsel, but rather inadvertence attributable to the death of a family member. Plaintiff's counsel's firm maintains an internal docket to record the suspension dates in various stages of litigation or administrative proceedings, with a system for informing the responsible attorneys of upcoming deadlines. After discovering that the actions had been dismissed, plaintiff moved under Rule 60(b) of the Rules of this Court without delay to vacate the judgments of dismissal. Additionally, plaintiff prevailed in its test case before this Court, *Rhone Poulenc, Inc.* v. *United States,* 11 CIT 466, Slip Op. 87–75 (June 26, 1987), and was actively preparing stipulations to settle the twelve actions in accordance with that decision.

The interests of juctice strongly support settlement between the parties according to the law as interpreted by the courts. *See W.R. Filbin & Co.* v. *United States,* 11 CIT 925, Slip Op. 87–134 (Dec. 9, 1987). The Court finds that the plaintiff's failure to remove the test cases from the Court's suspension disposition calendar was a case of excusable neglect. Plaintiff's motion to vacate the orders of dismissal in case numbers 85–10–01360, 85–10–01361, 85–11–01643, 85–11–01651, 86–01–00008, 86–01–00009, 86–01–00010, 86–01–00040, 86–01–00041, 86–02–00245, 86–12–01633, and 86–12–01634 is granted, and the actions shall be restored to the Court's suspension disposition calendar.