CARISBROOK INDUSTRIES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court Nos. 86–08–01020, 86–10–01260, and 86–10–01261

(Dated September 14, 1989)

*Sharretts, Paley, Carter & Blauvelt (Gail T. Cumins)* for plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(James A. Curley),* Civil Division, United States Department of Justice, for defendant.

OPINION

RESTANI, *Judge:* Plaintiff moves to vacate dismissal of three actions. Two of these actions, Court Nos. 86–10–01260 and 86–10–01261, were dismissed on November 9, 1987 for lack of prosecution. More than one year later, plaintiff filed a motion for vacation of dismissal of all three actions under Rule 60(b)(1) of this court. Rule 60(b) of this court states that: "The motion [for relief from a final judgment] *shall* be made within a reasonable time, and for [mistake, inadvertence, surprise, or excusable neglect] not more

than one year after the judgment, order, or proceeding was entered or taken." The rule requires such motions to be filed at the latest within one year of dismissal. Whether or not the original dismissal was the result of mistake, inadvertence, surprise, or excusable neglect; plaintiff has not provided a convincing reason as to why this court should ignore Rule 60(b).

The court is aware that at the time of the initial filing of these motions, a conflict existed in the opinions of this court regarding the allowable time for motions to vacate judgment based on the type of reasons listed in Rule 60(b). In *Bio-Rad Laboratories* v. *United States*, 12 CIT 597, 687 F. Supp. 1580 (1988), this court ruled that Rule 60(b) time periods apply to motions such as this and that 28 U.S.C. § 2646, allowing only 30 days to file a motion for a rehearing, did not apply. In *Rhone Poulenc, Inc.* v. *United States*, 12 CIT 727, 694 F. Supp. 1579 (1988), *rev'd* No. 88–1602 (Fed. Cir. July 14, 1989), however, this Court held that § 2646 did apply to calculation of the time to file such a motion for relief from dismissal. Apparently plaintiff's agent learned of the *Bio-Rad* case when there were almost three months left to make certain a motion to vacate was timely filed. Assuming *arguendo* that the one-year limit was waivable, plaintiff has proffered no reason which would indicate that the one-year time limit could not have been met. Accordingly, plaintiff's motions to vacate the dismissal orders in Court Nos. 86–10–01260 and 86–10–01261 are denied.

Court No. 86–08–01020 is in a different posture. That action was dismissed on March 9, 1988. Less than one year later, however, counsel, on February 7, 1989, filed a motion to vacate that dismissal. Apparently, former counsel failed to seek amendment of the docket sheet to reflect a change of address; thus counsel may not have received notices from the court alerting him that the action was threatened with dismissal. Whether this is the reason the case was not prosecuted is not clear from the affidavits filed with the pending motion.[1] The record indicates, however, that in late 1987 counsel then of record was having physical and psychological difficulties which contributed to his failure to monitor cases properly. From the affidavits filed herein it does not appear that those problems were solved by March of 1988. Plaintiff, however, learned of the dismissal in April 1988 and, in the summer of 1988, of former counsel's disabilities and of the possibility that the case could be restored.

On December 2, 1988, plaintiff's new counsel sought to have the action restored under Court Rule 60(b)(1). This initial filing was rejected by the Clerk of the Court under Court Rule 82(d), because of plaintiff's failure to comply with the procedural rules or practice of this court. Another motion for relief from the order of dismissal of

---

[1]The case was dismissed under Rule 83(c), which provides that a case remaining on the Reserve Calendar for more than twelve months shall be dismissed.

March 9, 1988 was filed on February 7, 1989. Although it is not entirely clear why a proper Rule 60(b) motion could not have been filed sooner, the one-year time limit was met. The confusion as to the controlling law, the attempt to file in December, and the lack of a showing of any prejudice to defendant by the delay of several months in the filing of this motion, prompt the court to allow reinstatement. Although plaintiff is responsible for the actions of counsel it employs, the court concludes that there has been a consistent intention to prosecute this action; that plaintiff has been injured enough by dismissal of its other two actions; and that, weighing all equities, plaintiff should have its day in court. Accordingly, Court No. 86–08–01020 is reinstated under Rule 60(b)(1) of this Court and the action shall be restored to the Reserve Calendar for 120 days.