A CLASSIC TIME, ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court Nos. 87–08–00862, and as per schedule attached

(Decided October 16, 1989)

*Irving A. Mandel* for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(James A. Curley),* Civil Division, United States Department of Justice, for defendant.

## MEMORANDUM OPINION AND ORDER

RESTANI, *Judge:* These actions were dismissed by the Clerk of the Court on various dates, from September 8, 1988 to March 9, 1989 pursuant to Rule 83(c) of this court[1]. This matter is before the court on plaintiffs' motions pursuant to Rule 60(b)(1) for orders granting relief from the orders of dismissal, because of mistake, inadvertence, surprise, or excusable neglect.

I. *Dismissal of plaintiffs' actions was due to mistake, inadvertence, surprise, or excusable neglect.*

Plaintiffs base these motions upon the existence of mistake, inadvertence, surprise, or excusable neglect created by the discordant dissolution of the firm which acted as plaintiffs' former counsel. Plaintiffs also allege that the attorney in charge of litigation suffered from a serious psychological or physical illness during the pendency of these actions which required long term treatment. Plaintiffs' present counsel, a former partner of the allegedly infirm counsel, claims that such illness prevented former counsel from properly monitoring these cases and removing them from the Reserve Calendar by filing complaints or motions to suspend under a test case.

This court has previously granted motions under Rule 60(b) to relieve various other plaintiffs from dismissals due to lack of prosecution because of factual circumstances related to those before the court. *See Bio-Rad Laboratories, Inc.* v. *United States,* 12 CIT 597, 687 F. Supp. 1580 (1988); *Carisbrook Industries, Inc.* v. *United States,* Slip. Op. 89–130 (Sept. 14, 1989). Defendant, however, claims that plaintiffs in this motion have failed to show that their failure to prosecute these cases was due to mistake, inadvertence, surprise, or excusable neglect. To support this contention, defendant attaches to the appendix of its memorandum a letter written by former counsel to the Clerk of The Court on August 28, 1987, explaining that the former partners of the dissolving partnership still had responsibility for its unfinished work. According to defendant, this "shows that whatever ailment [counsel] might have suffered, was cured

---

[1] Rule 83(c) mandates dismissal of an action for failure to remove the action from the reserve calendar within the 12-month reserve calendar period.

and/or substantially under control by August 1987 when this case was brought and [the] letter was sent to the Clerk." D. Mem. at 3.

This court has previously noted, however, that "it does not appear that those problems were solved by March of 1988." *Carisbrook,* Slip. Op. 89–130, *supra,* at 3. The evidence before the court indicates that former counsel's illness was of a long term nature and likely caused him to neglect to prosecute these cases, although at times he may have acted appropriately. *See* Affidavit attached to Plaintiff's Reply to Defendant's Opposition to the Motion for Relief from Dismissal at para. 7. Therefore, *Kagan* v. *Caterpillar Tractor Co.,* 795 F.2d 601 (7th Cir. 1986), cited by defendant, is inapposite. In that case, plaintiff's attorney contracted spinal meningitis. He recovered in time for the pretrial conference, but was unable to attend or answer the motion to dismiss because he was in the middle of another trial. *Id.* at 603–04. Moreover, the law firm he was associated with broke up. *Id.* at 603. Nevertheless, the court denied plaintiff's Rule 60(b) motion. *Id.* at 608–09. The court's rationale, however, was not that a lawyer's illness is not excusable under Rule 60(b). In fact, the court noted that, by the attorney's own testimony, he had recovered by the pretrial conference date. *Id.* at 608. Rather, the court reasoned that involvement in another trial during the pretrial conference did not excuse counsel's neglect. *Id.* As this court noted in *Bio-Rad,* however, illness of an attorney, coupled with other factors, can cause excusable neglect. 687 F. Supp. at 1581.

## II. *Plaintiffs brought their 60(b)(1) motions in a timely manner.*

Rule 60(b) requires that "[t]he motion shall be made within a reasonable time, and [when based upon Rule 60(b)(1)] not more than one year after the judgment, order, or proceeding was entered or taken." Plaintiffs made their 60(b)(1) motions on August 28, 1989, within one year of the orders of dismissal. However, defendant claims that plaintiffs failed to move within a reasonable time.

This court concludes otherwise. It does not appear that plaintiffs became aware of the dismissals until mid-June, 1989, when they were contacted by another former partner of the dissolving firm who indicated there was a possibility that the cases survived. Plaintiffs then contacted their present counsel, who discovered the dismissals and filed these motions about two months later. The cases cited by defendant in support of its contrary contention are inapposite.

In *Morgan* v. *Southern Farm Bureau Casualty Ins. Co.,* 42 F.R.D. 25, 27 (W.D. La. 1967) the court denied plaintiff's 60(b) motion because it was brought 23 months after affirmance of the judgment. The court in *Mayfair Extension, Inc.* v. *Magee,* 241 F.2d 453, 453–54 (D.C. Cir. 1957) (per curiam) denied plaintiff's 60(b) motion brought 11 months after it was advised of the judgment from which it sought relief. Finally, the court in *Coclin Tobacco Co., Inc.* v. *Brown & Williamson Tobacco Corp.,* 353 F.2d 727, 728 (2d Cir. 1965) (per

curiam) denied plaintiff's 60(b) motion brought two years after an order of dismissal and six months after plaintiff learned of the dismissal. While the court concluded that the six month delay between the discovery of the dismissal order and the filing of the motion was untimely, *id.* at 728, the Second Circuit has more recently suggested that any 60(b) motion brought within one year is timely. *See United States* v. *Cirami,* 535 F.2d 736, 742 (2d Cir. 1976). As FED. R. CIV. P. 60(b) and CIT Rule 60(b) are identical in all relevant ways, cases from the regional circuits are useful precedent. The court, however, need not adopt a blanket rule to resolve this matter and it does not do so. The two-month delay from discovery of the dismissal to filing of the motions was not unreasonable under the circumstances.

In the motion at bar, plaintiffs brought their 60(b)(1) motions within the one year time limit and about two months after they learned of the dismissals. The court considers this to be timely.

### CONCLUSION

This court, after examination of the papers filed herein, concludes that the dismissals for lack of prosecution of these actions resulted from mistake, inadvertence, surprise, or excusable neglect. Moreover, plaintiffs brought their 60(b)(1) motions in a timely fashion.

It is therefore ORDERED that plaintiffs' motions are granted and that these actions be reinstated on the Reserve Calendar. These actions may remain there up to and including November 30, 1989.

### SCHEDULE

| Court No. | Dismissed | Plaintiff |
|---|---|---|
| 87–08–00862 | Sept. 8, 1988 | A Classic Time |
| 87–08–00863 | Sept. 8, 1988 | Accutime Watch Corp. |
| 87–08–00864 | Sept. 8, 1988 | S.K. Suppliers |
| 87–08–00865 | Sept. 8, 1988 | Wallem International Corp. |
| 88–02–00068 | Mar. 9, 1989 | F&K Watch |
| 88–02–00096 | Mar. 9, 1989 | A Classic Time |
| 87–08–00866 | Sept. 8, 1988 | Miracle Watch Co. |
| 87–09–00922 | Oct. 5, 1988 | Eastman Watch Corp. |